ATWOOD v. REYBURN.

MAY TERM, 1839.

Atwood
v.
Reyburn.

1. After an appeal to the circuit court, any defect, error or imperfection in the proceedings of the justice, is cured by the 8th sec. of the 8th art. of the act relating to justices' courts.
2. The service of a summons by a deputy constable should be in the name of his principal, but the defendant by appearing and defending the action, waives any defect in the service of the summons.

APPEAL from the circuit court of Washington county.

*Scott & Ziegler*, counsel for appellant:

Points relied on by Atwood, appellant: 1. That the summons was against Atwood and Hudspeth,.to answer, &c., and the same was not regularly served by any authorized officer—Rev. Code, 351, sec. 14; do. 353, sec. 22; do. 354, sec..7.

2. That from the time the summons was issued, throughout, no mention was made or any notice taken of Hudspeth, either before the justice or in the circuit court.

3. That the court erred in not making the justice correct his record according to the facts stated in the affidavit of Atwood or show cause—State Constitution;.Rev. Code, p. 23, sec. 8; Rev. Code, p. 370, sec. 11.

4. That the same cause of action was not tried in the circuit court that was tried before the justice, as the record shows and the law requires—Rev. Code, 371, sec. 16.

5. The justice's record shows that the defendants below were sued on a note for $70, and the trial in the circuit court was on an obligation under seal for $140.

TOMPKINS, Judge, delivered the opinion of the court.

Reyburn sued Atwood and Hudspeth before a justice of the peace, where he had judgment, and to reverse that judgment, Atwood appealed to the circuit court, for the summons was served on Atwood alone. In the circuit court, Reyburn again had judgment, and to reverse that judgment, Atwood appeals to this court. One objection taken is, that the plaintiff below proceeded against Atwood alone. By our statute all contracts, which, by the common law are joint only, shall be construed to be joint and several; but the bond sued on is joint and several. It does not appear that Hudspeth ever was before the justice. Atwood alone appealed; and before the circuit court the trial is proceeded in without regarding any imperfection, error or defect in the proceedings before the justice—see sec. 8, of the act establishing justices'

MAY TERM, 1839.

After an appeal to the circuit court, any defect, error or imperfection in the proceedings of the justice, is cured by the 8th sec. of the 8th art. of the act relating to justices' courts. The service of a summons by a deputy constable should be in the name of his principal, but the defendant, by appearing and defending the action, waives any defect in the service of the summons.

courts, p. 370, of the Digest of 1835. The proper parties, then, were before the circuit court, and even if any error had been committed before the justice, the statute cures it; but it does not appear that any was committed. It is further objected, that the summons was not served by any authorized officer. The person who signs his name to the return on the summons, signs with the addition of "D. C.," which I suppose means Deputy Constable. It ought certainly to have been signed by the deputy in the name of the principal, but Atwood appeared before the justice and appealed to the circuit court; he again appeared and defended in that court. It is somewhat curious that after two appearances he should complain of defective return of the service of a summons, when he himself, by his obeying the summons, has twice borne testimony to the correctness of the service itself. Several other points are made, but there being no bill of exceptions, it cannot be said that those points are well or ill made, as they are not made on matter appearing on the record proper. The judgment of the circuit court ought, in my opinion, to be affirmed, and such being Judge Napton's opinion, it is affirmed.

