*Ser* vs. *Bobst.*

### SER *vs.* BOBST.

1. Where judgment by default has been rendered against the defendant in an action of forcible entry and detainer, he will not be entitled to an appeal, although he first moves to set aside the judg‑ ment by default, and such motion is overruled.— See act of January 28, 1839, concerning "forcible entry and detainer," sec.11 session acts of 1838, '39, p. 47.

2. But where, in such case, the appeal has been allowed by the justice, the cause will not be dismissed from the docket of the Circuit Court if the judgment against the appellant was improperly given, as where he has not been served with process as the law requires. In such case it is th e duty of the Circuit Court to try the cause *de novo*, without regarding any error or imperfection in the proceedings before the justice.

3. Where process may be served by leaving a copy of the su mmons "*at the usual place of abode*" of the party with some white member of his family, "*above the age of fifteen years*," a return that the copy was left "*at the dwelling-house*" of the party, "*with his wife*," and the same read to her, is insufficient. The law will not presume that "*the dwelling-house*" of the party was his "*usual place of abode*," nor that his wife was "*above the age of fifteen years.*"

4. Where, in an action of forcible entry and detainer, a judgment by default has been improperly entered against the defendant, the proper course to be pursued by the defendant seems to be to apply to the Circuit Court under the 37th section of the act of January 28, 1839, concerning forcible entry and detainer, to compel the justice to allow the appeal.

APPEAL fiom Montgomery Circuit Court.

CAMPBELL, *for Appellant.*

TOMPKINS, J., *delivered the opinion of the Court.*

This was an action of forcible entry and detainer, brought by Henry Bobst before a justice of the peace of Montgomery county. Judgment by default was given before the justice, against the defendant, Adam Ser. To reverse this judg‑ ment, this appeal is taken.

When the cause came into the Circuit Court, on the appeal, the plaintiff, Bobst, moved to dismiss it, because the judgment of the justice was by default, and no motion was made by the appellant to set the same aside before the appeal was taken.

The 11th section of the act of 28th of January, 1839, p. 47, gives to the party aggrieved by the judgment of the justice, in any case of forcible entry and detainer, or unlawful detainer, an appeal, except from a judgment of non-suit, or by default. I am not informed of any law which allows the appeal from a judgment by default, in this action, in case the appellant move the justice to set the same aside before the appeal is taken. The appeal, however, was allowed by the justice, and taken by the defendant. Before the cause was dismissed from the docket of the Circuit Court, that court should have examined whether a judgment were correctly given by the justice, or rather it was the duty of the counsel of the appellee to show to

the Circuit Court that such judgment was correctly given. The 8th section of the act concerning forcible entry and detainer, p. 278 of the Digest of 1835, directs the summons to be served, by reading the complaint and summons to the defendant, or delivering him a copy thereof, or by leaving such copy at his usual place *of abode, with some white member of his family above the age of fifteen years, and explaining to such person the contents thereof.*

The return in this case is—"Executed the within, by leaving a copy of the within at the dwelling-house of the said Adam Ser, with his wife, and reading the same to his wife, on the 20th day of February, 1843."

It may be admitted, that by the words, "the within," used in the return, the constable intended to say the copy of the summons and complaint. A man may have several dwelling houses, some of which may be rented. It would have been better to have returned the copy left at his "*usual place of abode,*" as in the law. We may intend the defendant's wife to be "some white member of his family," although man and wife sometimes live apart; but it cannot be presumed that a man's wife is necessarily above *fifteen years of age.* The law allows marriages at an earlier age. The justice of the peace, then, had not in this case taken jurisdiction of the person of Adam Ser, the defendant;—then he entered the judgment by default erroneously. The regular course to be pursued by the appellant would, perhaps, have been, (had the justice not allowed the appeal,) to apply to the Circuit Court under the provisions of the 37th section of the act of 28th January, 1839, p. 49, to compel the justice to allow the appeal. But this cause had found its way into the Circuit Court, and it is evident that the justice cannot give judgment by default on such a return. The Circuit Court should, then, without regarding any error, defect, informality, or imperfection, in the proceedings of the justice, have proceeded to hear, try and determine the same anew, as if it had originated in that court. (See sec. 36 of said act, p. 49.) The appellant, by bringing up the cause, had dispensed with the necessity of a regular summons before the justice. The Circuit Court committed error in dismissing the cause from its docket, and, for this reason, its judgment must be reversed, and the cause remanded.