*Sanders* vs. *Rains, et al.*

---

SANDERS vs. RAINS, et al.

A summons issued by a justice of the peace, and made returnable in a time less than that allowed by law, is void. A judgment by default rendered on the service of such summons, is also void, and a party acquires no title under a sale on an execution under such judgment.

## ERROR to Polk Circuit Court.

Otter & Hendrick, *for Plaintiff*, insist:

1. The testimony offered by the plaintiff and rejected by the court ought to have been given to the jury; because it was necessary for the plaintiff, in order to sustain this suit against the defendants, to prove that there was an execution in the hands of the sheriff, under and by virtue of which the property in question was sold;—that there was a judgment of a justice of the peace, and a transcript thereof filed with the clerk to authorize the clerk to issue the execution—and that there was an execution issued by the justice and returned by the constable, no property found, previous to the issuing of the execution by the clerk.

2. It was the best evidence the case admitted of, and the only competent evidence to prove the facts.

3. That the judgment of the justice was a valid judgment, being rendered in a case wherein the justice had jurisdiction over the subject matter of the parties.

4. That there was no such errors or irregularities in the proceedings of the justice as rendered the judgment void; but the irregularity, if any, would at most only render the judgment erroneous.

5. That the sale of the sheriff by virtue of the execution which issued on said judgment is good in favor of the purchaser, although the judgment might be erroneous.

6. The defendant, Lawrence Rains, having had notice of the pendency of the suit before the justice of the peace against him in favor of Jones & Co., might have taken advantage of the errors of the justice then; or after the rendition of the judgment, might have taken steps to reverse, set aside or vacate it, immediately. Having failed to do so, and standing by and suffering his property to be sold to satisfy said judgment, he cannot now set up, collaterally as a defence to this suit against the plaintiff, who purchased the property in good faith, the errors of the justice.

The plaintiff refers to the following authorities: Voorhees vs. Bank U. S., 10 Peter's Rep., p. 449; Blair vs. Carter, 4 Cranch, p. 328 and 333; Wheaton vs. Sexton, 4 Wheaton, p. 108; Talmie vs. Thompson, 2 Peter's R., p. 163 and 168; Elliott vs. Pursel, 1 Peter's R., 340-2.

NAPTON, J., *delivered the opinion of the Court.*

Sanders brought an action of ejectment against the defendants in error to recover possession of a tract of land in Polk county. On the trial, he offered in evidence to show title a deed from the sheriff of the county, formally executed and acknowledged, reciting two judgments against Rains before a justice of the peace, with the executions and returns thereon, and the subsequent issuance of executions from the office of the clerk of the circuit court upon transcripts of these judgments properly filed in that office, and a levy and sale under these executions. The plaintiff also offered in evidence the execution and the transcript of one of these judgments before the justice. This testimony, it seems from the bill of exceptions, was offered *en masse*, and objections being made, the execution and transcript were excluded, upon what grounds the bill of exceptions does not show. The transcript from the justice's docket stated that in a suit by Caleb Jones & Co. vs. Lawrence Rains, on a promissory note, drawn payable to plaintiffs, for $32 05, due one day after date, dated December 25th, 1841, with ten per cent. interest from date, a summons was issued on the 4th April, 1842, returnable the 9th inst.; that constable returned the summons endorsed "served by reading to defendant on the 4th April, 1842." Thereupon, the defendant not appearing, it is considered that judgment be rendered against the defendant by default for $36 16, debt and interest, &c.

The plaintiff took a nonsuit in consequence of the rejection of his testimony, and afterwards made an unsuccessful motion to have it set aside.

Where objections are made to the introduction of deeds or records, the objections should be stated specifically. In this case, the Circuit Court excluded all the plaintiff's title papers—the sheriff's deeds—the executions and the transcript,—but whether objections were made to all

these papers, or only one of them—whether their authenticity was denied, or their relevancy and competency questioned, is not shown by the bill of exceptions. It is more convenient in all cases that the bill of exceptions should clearly point out the precise points decided. In this case, we shall pass by this imperfection in the bill of exceptions, both because it is apparent that the case turned upon the transcript of the justice's judgment, and because our opinion upon that point will lead to the same conclusion as a decision upon the other.

The statute which establishes justices' courts and prescribes their powers and duties, requires the process by which defendants are to be notified of a suit to summons the defendant to appear at a time specified, *not less than six days* from the date of the writ. The summons issued by the justice against Rains, as appears from the transcript of the justice, was dated on the 4th and made returnable on the 9th of the month. It was therefore erroneous. Whether this error shall make the writ a nullity, is the only question involved in this case.

There is no doubt that a most decided inclination has been manifested by courts of justice to sustain the validity of judicial proceedings whenever they are questioned collaterally. Where titles have been acquired under judgments, or where the conduct of the officers concerned in the administration of justice has been called in question, great liberality has been evinced in order to sustain such judgments and to protect such officers. There are, however, limits which no court has ventured to overstep. Whilst a just and liberal protection should be extended to the officers of the law in the execution of their duties, and the rights of purchasers be favorably received, the rights of suitors must not be wholly overlooked. Where there is original or acquired jurisdiction in the course of the proceedings, the general rule is, that all errors must be corrected by the same court or by some superior tribunal, and the validity of the judgment will not be permitted to be questioned in a collateral way. Voorhees vs. Bank U. S., 10 Peters, 449. But it is equally reasonable, and just as well settled by repeated adjudications, that where there is no jurisdiction, the judgment is a nullity, and may be disputed collaterally or directly. Whether the officer who executes a writ founded on such judgment would be responsible or not, depends upon another principle, which it is not now material to consider. The officer looks to his writ, and if a want of jurisdiction does not appear on its face, he is not liable. Saracool vs. Boughton, 5 Wend., 170; Warner vs. Shed, 10 J. R., 238; Beach vs. Forman, 9 J. R., 229. But if a court of limited jurisdiction issues a process which is illegal and not merely erroneous, or

if a court, whether of limited jurisdiction or not, undertakes to hold cognizance of a cause without having gained jurisdiction of the person by having him before it in the manner required by law, the proceedings are void; and in this case of a limited or special jurisdiction, the magistrate attempting to enforce the proceeding founded on any judgment, sentence or conviction in such a cause, becomes a trespasser. (Spencer, J., in Bigelow vs. Starns, 19 J. R., 41.) At all events, whether the magistrate be held responsible or not, (of which Judge Spencer appears to entertain no doubt in the case just cited) it is clear, that no title can be based on such a judgment. Where there is no process or appearance, or where the process used is unknown to the law, or one which the particular tribunal could in no case use, the judgment is void and may be questioned collaterally. Beach vs. Abbott, 6 Ver. R., 586; Grummon vs. Raymond, 1 Conn. R., 54; Allen vs. Gray, 11 Conn. R., 102. A process unknown to the law, or prohibited by the law, makes the case no better than where there is an absence of all process and appearance. It has been decided in New York, that where a justice makes an execution returnable in sixty days, where the law requires it to be returnable in ninety days, it is void. Toof vs. Bentley, 5 Wend., 276; 9 Wend., 368.

When we speak of void judgments, in contradistinction from voidable ones, it will be understood, that by the former, we mean such judgments whose validity may be questioned in a collateral way, and by the latter, such judgments as are valid until reversed. The term *"void"* is perhaps too strong to apply to any formal judgment, for there is no judgment, if it be in the form of a judgment, but may be reversed upon writ of error, whether the error be such as would permit its validity to be questioned collaterally or only such as could be taken advantage of in a direct proceeding. Neither class of judgments is, therefore, strictly speaking, void. They are not such *nullities* as would prevent a writ from being sued out to have them formally pronounced void. This distinction is practically unimportant and seldom noticed, and I only allude to it now to prevent misapprehension.

As the transcript from the docket of the justice shows that there was no appearance of the defendant in the action brought by Jones & Co. against him, the court could only have acquired jurisdiction on his person by the service of legal process. Had the defendant appeared, there is no doubt that such appearance would have given the court jurisdiction over his person, whether there was any writ or not. Here there was no appearance, the judgment was by default, and the only way jurisdiction could have been obtained, was by the service of the summons. If the

writ be such that the defendant is under no obligation to obey it, the case stands no better than if there was no writ and no service. Was the defendant bound to notice a writ which summoned him to appear before the justice in four days, when the law expressly declares that such writs shall always allow the defendant *at least* six days? The defendant is presumed to know his rights, and to be acquainted with the statute law of the State. May he not, then, disregard a writ which he knows to be illegal, without incurring any risk or forfeiting any rights? The same principle which authorized a court to hold a writ of execution void because it was made returnable in sixty instead of ninety days, must apply with much greater force to a summons. If the writ be illegal, and not merely erroneous—if the process be one not recognized by the law, and one which the magistrate had no authority to issue—then it appears upon the face of this transcript, that there was no jurisdiction over the defendant—that he had received no legal notice of the proceedings, and that he did not appear. The judgment resulting from such proceedings could not constitute the foundation of a title.

There is no hardship in this doctrine. The purchaser at a sheriff's or constable's sale looks to the judgment, the levy and the sale. He does not concern himself about the regularity of the proceedings, except so far as to see that there is a valid judgment, and for this purpose the face of the record will show whether the court had jurisdiction or not. If there is no valid judgment, he can of course acquire no ti le under the sale. This much is due to the rights of suitors, to see that the court acquired jurisdiction.

Judge McBRIDE concurring, the judgment is affirmed.

Scott, J., dissenting.