WILLIAMS, Defendant in Error, v. BOWER, Plaintiff in Error.

1. Justices of the peace have no jurisdiction except that conferred upon them by statute.
2. A summons issued by a justice of the peace and made returnable in a less time than the law permits—as if, in St. Louis county, it be made returnable to a day less than fifteen days after the date thereof—is void; no appearance by moving to set aside a judgment by default or to dismiss the suit would cure the defect in the summons.

*Error to St. Louis Law Commissioner's Court.*

*Gillespie*, for plaintiff in error.

I. The writs issued by the justice were nullities, being made returnable in nine days after their date, instead of in not less than fifteen days. (See Sess. Acts, 1847, p. 87, § 1.) The act of 1847 is still in force. (R. C. 1855, p. 1027, § 23.) There was no such appearance in the cause as would preclude the defendant from objecting to the irregularity of the summons. The cases cited by counsel for the defendant in error are inapplicable. They do not touch the point in controversy. (See Sanders v. Rains, 10 Mo. 770.) The justice had no authority to consolidate the suits.

*McDonald & Grammer*, for defendant in error.

I. The justice did not err in consolidating the suits.

II. These suits being actions in which justices have *not* concurrent jurisdiction with the circuit court, only six days' notice was required. (R. C. 1855, p. 932, § 19.) But it makes no difference, in this case, whether the original summons was made returnable in six days or in fifteen days, for, the defendant having appeared to the action in the law commissioner's court, the whole cause was to be tried " anew, without regarding any error, defect or other imperfection in the proceedings of the justice." (R. C. 1855, p. 974, § 13; Matlock v. King, 23 Mo. 400 ; Burch v. Weismain, 20 Mo. 569.) An appearance and motion to dismiss puts the party so

appearing in court for all purposes. (Barnett v. Lynch, 3 Mo. 369; Whiting v. Budd, 5 Mo. 443; 8 Mo. 572; Ferris v. Hurt, 20 Mo. 464: Withers v. Rogers, 24 Mo. 340.)

RICHARDSON, Judge, delivered the opinion of the court.

The plaintiff commenced two suits on the 23d of May, 1857, before a justice of the peace of St. Louis county, which were afterwards consolidated. The writs were made returnable the first day of June, and on the return day, the defendant failing to appear, judgment by default was rendered. In due time the defendant appeared before the justice and moved to set aside the default, but the motion was overruled and the case was then taken by appeal to the law commissioner's court. In that court the defendant moved to dismiss the suit because the writs were defective, but the motion was denied and another default taken, on which final judgment was rendered, which the court also refused on a proper motion to set aside.

By the local act of 1847 to regulate the practice in justices' courts in St. Louis county, (Sess. Acts, 1847, p. 87,) a summons issued by a justice is made returnable to some day not more than sixty nor less than fifteen days after the date thereof, and the return day is made the trial day of the cause. This act was continued in force at the last revising session. (R. C. 1855, p. 1027, § 23.) The general law regulating justices' courts requires every justice of the peace to appoint a day in every two months for the return of all summons issued by him, and every summons issued is made returnable on such day.

Justices of the peace have no original jurisdiction, but derive their authority from the statute, and, in this county at least, where in the matter of issuing summons and the return thereof they act under a special law, they ought to respect it. If they have the right to abridge the time from fifteen to nine days, no reason is perceived why they may not reduce it to one day or to an hour, and parties who become the victims of judgments rendered on such process could obtain no

redress by appeal if the appearance simply to a motion to dismiss the proceeding is deemed sufficient to cure all de-fects in the summons. It was decided in this court in San-ders v. Rains, 10 Mo. 770, in an action of ejectment, that a summons issued by a justice of the peace made returnable in a less time than the law permits is void. There is a con-servatism in all courts to uphold the validity of judicial pro-ceedings when called collaterally into question, and to sus-tain titles acquired under them, and the reasons that influ-enced that decision operate with greater force to sustain the objection taken to the summons in this case at a proper time and in a direct proceeding. The marked difference between courts of original and limited jurisdiction is sufficient to show without discussion that the cases to which we have been referred by the plaintiff's counsel are not in point to the only question in this case.

The summons was illegal and the court erred in overrul-ing the motion to dismiss, for which reason the judgment will be reversed and the suit dismissed; the other judges concur.