HUNT, Respondent, v. COBB, Appellant.

1. In summary proceedings under the landlord and tenant act of November 29, 1855, the summons issued by the justice and directed to the tenant must be executed at least five days before the return day thereof. (R. C. 1855, p. 1017, § 34.)

2. Should a justice of the peace in such a summary proceeding, in which less than five days' service of the summons has been had before the return day of the writ, render judgment of default against the defendant, and he should appeal, and should fail to prosecute his appeal with effect, the appellee would not be entitled to have the judgment affirmed by the appellate court upon his filing a transcript of the proceedings of the justice. (SCOTT, Judge, dissenting.)

*Appeal from St. Louis Land Court.*

*Cobb*, for appellant.

*Comfort & Manter*, for respondent.

RICHARDSON, Judge, delivered the opinion of the court.

The plaintiff commenced proceedings before a justice of the peace on the 8th of July, 1856, under the landlord and tenant act, to recover the possession of a tenement alleged to have been in the possession of the defendant. The summons was issued on the 8th, served on the 12th, and was returnable on the 15th of July, 1856. On the return day, judgment by default was rendered against the defendant, and after an unsuccessful motion, made in proper time, to set it aside, he appealed to the land court. It appears from the record that at the October term of the land court the plaintiff filed a transcript of the appeal, and on her motion the judgment of the justice was affirmed, which the court subsequently refused to set aside.

The justice evidently proceeded on the idea that the local act of 1845 concerning landlords and tenants (R. C. 1845, p. 1101, Appendix) was still in force, though it had been superseded by the act of 1855, which took effect the 1st of May, 1856. The act of 1845 required that the summons should be made returnable within three days, and should be

served *two days* before its return ; but the new law made a material change in that respect, and provides that the summons shall be executed *at least five days* before the return thereof. (R. C. 1855, p. 1017, § 34.) The law, then, in force required that the summons should be served at least five instead of two days before the return day ; and according to the principle decided in Williams v. Bower, 26 Mo. 601, the writ was void, and the justice did not acquire any jurisdiction of the person of the defendant to authorize the judgment. As the judgment was void, the land court ought not to have affirmed it, and it will therefore be reversed and the cause dismissed. ; Judge Napton concurs.

Scott, Judge, dissenting. The process issued in this case was erroneous, and the suit should have been dismissed by the justice. He refusing to do this, the defendant had a right to appeal, but not having complied with the terms on which the appeal was allowed by law, the judgment of the justice was affirmed. This was under the act to promote the payment of jurors in St. Louis county. (Sess. Acts, 1847, p. 68.) The case of Harrison v. Steamboat Cumberland Valley, 13 Mo. 227, sanctions the course pursued in this case. This case has been subsequently followed, holding however that it does not apply to appeals from the law commissioner's court.

The judgment should, in my opinion, have been affirmed.