JOHN S. GIBBS ET AL., Respondents, *v.* MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

#### February 21, 1882.

1. In an action before a justice of the peace, the statement is sufficient if it notifies the defendant of what the suit is about and is so explicit as to bar another action for the same cause.

2. An appeal from a justice of the peace is a complete waiver of any defects in the service of process.

3. The appeal is a waiver of such defects though the defendant appeared before the justice for the sole purpose of moving to set aside the default for defects in the service of process.

Appeal from the St. Louis Circuit Court, Thayer, J. *Affirmed.*

E. A. Andrews and H. S. Priest, for the appellant.

G. M. Stewart and Paul Bakewell, for the respondents.

Bakewell, J., delivered the opinion of the court.

This is an action begun before a justice of the peace, for damages. The petition alleges that, on February 14, 1880, as plaintiffs' wagon was approaching on the highway a public crossing of defendant's road, defendant carelessly and negligently caused one of its locomotives to approach the crossing and to pass rapidly over the track, and omitted its duty of giving any warning; by reason of all which plaintiffs were unaware of its approach, in consequence of which, the locomotive struck plaintiffs' wagon, oversetting it and the merchandise it contained, to plaintiffs' damage $167.10.

There was a judgment by default before the justice. Defendant then appeared for the purpose only of moving to set aside the default. The motion was overruled, and defendant appealed to the circuit court, where the judgment was affirmed for failure to give notice of appeal.

1. Appellant contends that the statement of the cause of action is not sufficient to support the judgment.

The statement was enough to notify defendant what the suit was about and to bar another action for the same injury. As the cause originated before a justice, this, according to the uniform rulings in this state, is enough.

2. It is further claimed by appellant that the summons is void because it did not apprise the defendant of the nature of the action; and because the return of the constable does not show that the defendant was properly served. As defendant appealed to the circuit court, there was a com-

plete waiver of all defects in process, or service of process. Rev. Stats., sect. 3052; *Ser* v. *Bobst*, 8 Mo. 506; *Blackman* v. *Cowen, post* p. —, and cases cited in that opinion.

3. Appellant contends that, inasmuch as he moved before the justice to set aside the default for defects in process and in the service of process, appearing there specially for that purpose only, the jurisdictional question was saved by the appeal. The truth is that the circuit court does not sit as a court of review to correct errors or irregularities committed in the trial before the justice. If the justice had jurisdiction over the subject-matter, and the parties appear, and an appeal is taken to the circuit court by defendant, though the defendant was never served, and appears only for the purpose of appeal, as in the case at bar, the cause is for hearing in the circuit court, and if the appellant fails to prosecute his appeal there, the circuit court commits no error in affirming the judgment.

We are asked to give damages for a frivolous appeal. We are not clear that the appeal is inconsistent with good faith. The judgment is affirmed. Judge THOMPSON concurs; Judge LEWIS is absent.

BAKEWELL, J., delivered the opinion of the court on a motion for a rehearing.

Even under the old law, it was always held that the effect of an appeal from the judgment of a justice, rendered upon a defective service, was a full appearance and a waiver of all defects in process, or service of process. This appears not only from *Ser* v. *Bobst* (8 Mo. 506), but from all the later cases to which appellant calls our attention, especially from *Blunt* v. *Railroad Company* (55 Mo. 157). It is true that the supreme court held in some of these cases, and in the case just cited, that appellant might, in the appellate court, by motion, determine the purpose of the appeal;

and that, if he appeared merely to move to dismiss for want of jurisdiction in the justice, this was no waiver of the de-- fects of process.    6 Mo. 58 ; 26 Mo. 601 ; 28 Mo. 198 ; 45 Mo. 289 ; 61 Mo. 52.    But, in the present case, the defendant did not prosecute his appeal, and did not move to dismiss.    He filed a motion to set aside the judgment of affirmance.    But this motion would not bring him within the rulings in the cases cited.    And even this motion is as if it had not been made, because the bill of exceptions does not show that it was filed in time.    *Jefferson City* v. *Opel*, 67 Mo. 394.

But the. cases cited, if they went so far as to say that there could be no affirmance of a judgment of a justice on appeal, where the process issued by the justice was not properly served, instead of saying, as they do, just the reverse, would not help appellant, for the reason that the law itself has been changed since those cases were decided. The statute then read (Wag. Stats. 849, sect. 13) : "Upon the return of the justice being filed in the clerk's office, the court shall be possessed of the cause, and shall proceed to hear, try, and determine the same anew, without regarding any error, defect, or other imperfection in the proceedings of the justice."    In 1879, this section was amended so as to read : "Without regarding any error, defect, or other imperfection in the original summons or the service thereof, or in the trial, judgment, or other proceedings of the justice or constable in relation to the cause."

The motion for rehearing is overruled.    Judge Lewis is absent ; Judge Thompson concurs.