JOHN SPAHN, Respondent, *v.* JOHN SHARP ET AL., Appellants.

### April 18, 1882.

By going to trial on the merits, on appeal from a judgment by default, the defendant waives the question of jurisdiction of the justice over him, and cannot then show that the justice who rendered the judgment was not the "next nearest" justice to the one before whom the action was brought.

APPEAL from the St. Louis County Circuit Court, EDWARDS, J.

*Affirmed.*

MARTIN & LACKLAND and F. FERRISS, for the appellants.
O. G. HESS, for the respondent.

BAKEWELL, J., delivered the opinion of the court.

This action was begun before a justice of the peace of St. Louis County. The suit is upon a mechanics' lien. The defendants applied for a change of venue, whereupon all the papers were sent to another justice of the same county, before whom the plaintiff appeared. Defendants made default. The justice proceeded to hear the evidence,

and rendered judgment for plaintiff. Defendants appealed to the circuit court. On trial anew in the circuit court, defendants offered to show that Justice Tausberger, before whom the case was tried, was not the nearest justice to Justice Vierling, before whom the proceeding was instituted. The circuit court refused to admit this testimony.

The only question presented for our examination by the record, is the propriety of the action of the trial court in rejecting this evidence.

The law requires that where a change of venue is granted, the papers shall be sent "to the next nearest justice in the township." Rev. Stats., sect. 2953. The action might have been originally brought before either justice. Each of them had jurisdiction of the subject-matter of the action.

If this had been a case of defective service of process, and defendants had prosecuted their appeal, and made no motion to dismiss, the defect would have been waived. But the defect did not appear upon the face of the papers. It does not appear, however, why it might not have been reached by a motion to dismiss, and why evidence might not have been introduced in support of the motion. If the matter could not be reached in that way, we do not see what effectual remedy the parties would have, if the justice illegally sends a case to the other end of his county. But, where the appellant makes no motion to dismiss, nothing appears to determine the purpose of the appeal; and by going to trial upon the merits, he submits to the jurisdiction of the circuit court and waives the question of jurisdiction of the justice over his person, we think, as in case of defective process. We do not think that it is competent, in a case of this kind, after evidence has been heard on both sides, on the merits, in the circuit court, to introduce evidence as to want of jurisdiction of the justice over the person of the defendant. The action of the learned judge of the trial court in refusing such evidence when offered in

the present case, was in accordance with the rulings of the supreme court and of this court. *Blunt* v. *Railroad Co.*, 55 Mo. 157; *Mores* v. *McCarty*, 10 Mo. App. 583; *Gibbs* v. *Railroad Co.*, 11 Mo. App. 459; *Blackman* v. *Cowan*, 11 Mo. App. 589; *Barrett* v. *Field*, 10 Mo. App. 590.

The judgment is affirmed. All the judges concur.