Boulware v. The Chicago & Alton Railroad Company.

---

Boulware v. The Chicago & Alton Railroad Company, *Appellant.*

1. **Justice's Court**: DEFECTIVE SUMMONS: AMENDMENT ON APPEAL. In a case appealed from a justice's court the circuit court has the same power to allow the summons to be amended that the justice had.

2. ———: ———: WAIVER OF DEFECTS: BY APPEAL: BY APPEARANCE. By appealing a case from a justice's court the defendant waives defects in the summons; so, also, by appearing generally in the justice's court and moving to set aside a default.

*Appeal from Boone Circuit Court.*—Hon. G. H. Burckhartt, Judge.

Affirmed.

*Macfarlane & Trimble* and *S. C. Douglass* for appellant.

*Ivan Gordon* for respondent.

SHERWOOD, J.—Action brought before a justice of the peace for killing a cow at a public road crossing. Defendant made no appearance on the day the cause was set for trial, and judgment by default was entered. Afterward the defendant appeared and moved to set aside the judgment by default and for a new trial, which motion being overruled appeal was taken to the circuit court where defendant filed a special motion to dismiss, based on the grounds of the insufficiency of the summons and of the service of the summons, and because there was no service of the summons. This motion was overruled and thereupon the plaintiff was permitted to amend the summons by inserting the words, " against the aforesaid Chicago & Alton Railroad Company for damage for the killing of a cow belonging to plaintiff, by defendant." Defendant made no further appearance and the judgment was affirmed.

If there was any necessity to amend either the summons or the return thereon, the powers of the circuit court

1. JUSTICE'S COURT: defective summons: amendment on appeal.

were ample for that purpose. The circuit court had the same power in this regard that the justice had. *Transier v. Railroad Co.*, 54 Mo. 189; R. S. 1879, § 2937.

When the cause comes up to the circuit court on appeal it is to be tried *de novo*, without regard to any " error, de-

2. ———: ———: waiver of defects: by appeal: by appearance.

fect or other imperfection in the original summons or the service thereof." R. S., § 3052. A long while ago, before the section cited contained as many or as full provisions as it does now, in the case of *Ser v. Bobst*, 8 Mo. 506, it was expressly held that the justice of the peace had not acquired jurisdiction of the person of the defendant, because of the defective service of process, yet that notwithstanding this the circuit court should proceed to determine the cause anew as if it had originated in that court, " without regarding any error, defect," etc., and that the defendant, by bringing up the

cause had dispensed with the necessity of a regular summons before the justice.

But in this case it may be conceded that the summons and the service were both defective; still defendant appeared before the justice and filed a motion to set aside the judgment by default and for a new trial. What the grounds of that motion were, we are not apprised. When one who has been defectively served with process or served with defective process, appears generally, as we must assume was done in this cause before the justice, all defects of the nature alluded to are either cured or waived. *Griffin v. Van Meter*, 53 Mo. 430, and cases cited.

The judgment is, therefore, affirmed. All concur.