# CHARLESTON.

DADISMAN v. WEST VIRGINIA EASTERN TELEPHONE COMPANY.

Submitted June 8, 1910.    Decided March 14, 1911.

JUDGMENT—*"Default Judgment"—Correction.*

A judgment of the circuit court, rendered, in his absence, on appeal by defendant from the judgment of a justice against him, after two appearances, and trial before the justice, and subsequent appearance and continuance obtained on his motion in the circuit court, is not a default judgment, within the meaning of section 5, chapter 134, Code 1906, reviewable on motion by the circuit court for errors apparent, judicial in nature,

as provided by said section; such error, if any, being reviewable only on writ of error to this Court; and the judgment of a circuit court setting aside such judgment, on motion, at a subsequent term, is erroneous, and will be corrected here on writ of error. (p. 45).

(BRANNON, JUDGE, absent.)

Error to Circuit Court, Barbour County.

Action by S. C. Dadisman against the West Virginia Eastern Telephone Company. A judgment for plaintiff was set aside, and he brings error.

*Reversed, and Judgment Reinstated.*

*W. H. Carter* and *Leroy V. Holsberry,* for plaintiff in error.

*W. T. George* and *John B. Dilworth,* for defendant in error.

MILLER, JUDGE:

Plaintiff's writ of error challenges the jurisdiction of the court below to pronounce the judgment complained of, which set aside, on motion of defendant, the judgment in his favor at a prior term of the court. The action originated before a justice, and the judgment set aside, was pronounced on appeal by defendant, from the judgment of the justice against it in favor of plaintiff for $150.00, rendered August 3, 1907.

The judgment of the circuit court, set aside, pronounced September 29, 1908, is as follows: "This day came the plaintiff by his attorney, and the defendant though thrice called came not, and thereupon all matters of law and fact were submitted to the Court in lieu of a jury, and the court having heard the evidence, is of opinion and doth consider that the plaintiff S. C. Dadisman, do recover of and from the defendant The West Virginia Eastern Telephone Company, a corporation, and W. E. Baker, and N. I. Hall, the sureties upon the Appeal Bond herein, the sum of $150.00, together with 10% damages thereon from the 3rd day of August, 1907, the date of the appeal herein, until paid, together with his costs in this court and before the justice expended."

The notice in writing of defendant's motion, served on plaintiff, advised him that the grounds of the motion were "for reasons then to be stated to the court, for errors appearing on

the face of the record." The judgment complained of, entered January 9, 1909, recites that the motion was based "upon the ground that there had not been, according to the transcript of the justice in said case, or the record of the circuit court, any pleadings filed in said case;" and the judgment on this motion and the arguments of counsel of the respective parties thereon was that the motion be sustained and that the judgment of September 29, 1908, be and the same was set aside and annulled.

In this Court defendant's counsel seeks to sustain the judgment complained of on other grounds besides those recited therein; first, that the judgment pronounced against it, on its appeal, by the circuit court was a judgment by default, within the meaning of section 5, chapter 134, Code 1906, entitling it as matter of right, to have the judgment set aside, "for any error for which an appellate court might reverse it"; second, that as the evidence before the court is not certified it does not appear on what grounds the judgment was in fact set aside; wherefore the error, if any, does not appear.

The transcript of the justice shows, however, that defendant twice appeared before the justice, first on the return day of the summons, when a continuance was obtained, and next on the day to which the continuance was had, and without itself entering any plea, announced itself, as did plaintiff, ready for trial, and that thereupon the trial was proceeded with, and the justice heard all the evidence, taking time to consider the same, and then being of opinion that plaintiff was entitled to judgment, pronounced the judgment appealed from to the circuit court. Then at the following term of the circuit court, on October 3, 1907, the record in that court shows that defendant again appeared, and on its motion the case was again continued until the next term. These records show an appearance. If there had been no appearance before the justice, the appeal amounted to a general appearance, giving the circuit court jurisdiction, amounting, as a general rule, to a waiver of any irregularities in the proceedings before the justice. *Thorn* v. *Thorn*, 47 W. Va. 4. But defendant appeared not only by its appeal, but it had entered its appearance prior thereto in the justice's court, and afterwards in the circuit court. This Court has ruled that a judgment at law in which there has been any

appearance by defendant prevents the judgment from becoming one by default, reviewable by the circuit court on motion under said section. *Steenrod* v. *Railroad Co.,* 25 W. Va. 133, 137, and cases cited; *Bank* v. *Ralphsnyder,* 54 W. Va. 231, 233-4, and cases cited. The judgment set aside, therefore, not being a default judgment, the court below had no jurisdiction, after the term ended, to set it aside for errors judicial in nature. Such errors are correctible only by an appellate court on writ of error. *Stringer* v. *Anderson,* 23 W. Va. 482. Judgment without pleadings, the ground for the motion recited in the judgment we are reviewing, would be judicial error, which could not be reached by such motion.

But are we precluded from reviewing the judgment below because, the evidence on the motion of the defendant is not certified, showing the facts proven before the court, and fully the grounds on which the court may have acted? We think not. Nothing appears on the face of the record of the judgment set aside justifying the action of the court below in setting it aside on motion, the error, if any, being judicial error, not reviewable on such motion. We decided in the recent case of *Helms* v. *Cold Storage Co.,* 65 W. Va. 203, that a final judgment can not be set aside, after the term has adjourned, except for error appearing on the record. At page 207 of the report of this case it is said, as applicable here: "By the appeal the plaintiff is seeking to have the judgment of the court affirmed, and the interlocutory order setting aside the judgment, reversed. This makes it incumbent on the defendant in error to show affirmatively that error was committed in rendering the judgment, and to further show that the court acted within the scope of the authority conferred on it by section 4036, Code 1906, in setting it aside."

We think the court below erred, and that its judgment on said motion should be vacated and annulled, and said judgment of September 29, 1908, re-instated, and we will so order.

*Reversed, and Judgment Reinstated.*