# CHARLESTON.

## A. D. SMITH v. H. B. THOMPSON.

### Submitted January 14, 1920.    Decided January 20, 1920.

1. APPEAL AND ERROR—*Question as to Process Waived by Defendant's Appearance Will Not be Considered on Certificate.*

    Questions sought to be raised on the sufficiency of the process, or the return of service thereon, which the circuit court has decided were waived by the appearance of the defendant to the action, will not be considered here when certified under section 1, Chap. 135 of the Code. (p. 365).

2. SAME—*On Certified Questions There is No Review of Circuit Court's Action Overruling Plaintiff's Motion to Amend Process.*

    Nor can we after such ruling on such certificate, review the action of the circuit court in overruling the motion of defendant to quash the writ and sustaining the motion of plaintiff to amend the process, the record not then presenting any question reviewable here on such certificate. (p. 365).

Certified Questions from Circuit Court, Barbour County.

Action in justice's court by A. D. Smith against H. B. Thompson. Default judgment against defendant, and he appeals, and the circuit court certifies questions.

*Certified questions dismissed.*

*C. M. Murphy* and *George & Wilcox,* for plaintiff.
*J. Blackburn Ware* and *A. G. Jenkins,* for defendant.

MILLER, JUDGE:

In a case originating in a justice's court and pending in the circuit court upon an appeal by defendant from the judgment of the justice against him by default, the following questions have been certified to us for decision. "(1) Whether the summons upon its face is void, or only voidable; (2) Whether the summons could be amended by inserting the amount sued for of $300.00 therein; (3) Whether the bill of particulars filed before the justice on the trial had before him cured the defects in the summons as to the amount sued for."

It appears from the record before us that the only appear-

ance by defendant in the justice's court was after judgment
by default had been rendered against him, and when he ten-
dered his appeal bond and on his motion the bond was accepted
and the appeal awarded, and the record and papers were trans-
mitted to the Circuit Court.

After the case was docketed in the circuit court the plaintiff
before any other action had been taken first moved the court
to allow him to amend the summons as above indicated, which
motion was resisted by defendant who also interposed a motion
to quash the summons and dismiss the action.

The court did not directly pass on the several questions cer-
tified to us. After noting the motions to amend and to quash
and reciting in its order that it appeared that a typewritten
complaint or bill of particulars had been filed by plaintiff on
the trial before the justice laying the damages at $210.00 and
that it appeared that plaintiff had requested the justice to issue
summons against defendant for $300.00 damages, the opinion
and order of the Court was that the appeal by defendant operated
as a general appearance to the action and waived all defects
in the summons, and therefore overruled his motion to quash
and sustained plaintiff's motion to amend the summons.

The so-called bill of particulars of the plaintiff filed before
the justice is strictly a formal complaint setting forth fully the
plaintiff's cause of action and demanding $210.00 damages.
The summons as is often the case in a justice's court was not
relied on and did not constitute the complaint. The purpose
of the summons, generally speaking, is to bring the defendant
before the justice to answer the complaint of the plaintiff; that
is its form prescribed by statute. The pleadings are different.
They may be oral, when the statute requires the justice to
enter the substance thereof on his docket; or in writing, when
the filing thereof is to be noted on the docket. The complaint
is what the defendant is called upon to answer, not the sum-
mons, and if he appears thereto without summons, or defec-
tive or even void summons, the justice thereby acquires juris-
diction of the action and to render personal judgment against
him.

Section 4 of Rule 1 of this Court would deny the right to
certify questions to us for decision until the court below has

first passed thereon. As before observed the circuit court by its order has only undertaken to decide the question certified indirectly; but it did this only after holding that the defendant's appeal operated as a general appearance which waived all defects in the summons. If such defects were so waived, the sufficiency of the summons presents only a moot question, and the amendment thereof permitted and the overruling of defendant's motion to quash were wholly unnecessary and abortive proceedings.

It seems to be well settled in this State in accordance with the rulings of the circuit court that an appeal by defendant from the judgment of a justice against him operates as a general appearance, and that he thereby waives all defects in the summons, and all irregularities in the proceedings before the justice. *Thorn v. Thorn,* 47 W. Va. 4; *Dadisman v. W. Va. East. Tele. Co.,* 69 W. Va. 43, 45; *C. & O. Ry. Co. v. Wright,* 50 W. Va. 653, 655, and authorities cited. But as the effect of such appearance presents no question arising upon the sufficiency of the process or return of service thereon, or the sufficiency of any pleading in the case, the correctness of the ruling of the court thereon is a question reviewable here only on writ of error.

As the questions certified in the opinion of the court have become moot or immaterial, and were only so indirectly passed upon, we deem it unnecessary to otherwise respond thereto.

*Certified questions dismissed.*