## CUDAHY PACKING COMPANY v. CHICAGO & NORTHWESTERN RAILWAY COMPANY, Appellant.

### Division One, April 9, 1921.

**APPEAL FROM JUSTICE: Waiver of Defects in Process.** Under Revised Statutes 1909, Sections 7568 and 7579, the taking of an appeal from a justice of the peace invests the circuit court with power to hear and determine the case anew; and the appeal operates as a voluntary entry of appearance by the appellant in the circuit court, and if there is any defect in the summons or in the service thereof it is thereby waived. [Overruling Meyer v. Ins. Co., 184 Mo. l. c 488, and subsequent cases.]

Appeal from Jackson Circuit Court.—*Hon. W. O. Thomas,* Judge.

AFFIRMED.

*George Kingsley* for appellant.

(1) The court acquired no jurisdiction over the defendant, and had no authority to enter judgment against it, because no copy of plaintiff's petition was served with the writ of summons. R. S. 1909, sec. 1760; 32 Cyc. 449; Feurt v. Caster, 174 Mo. 289. (2) Defendant being a foreign corporation, as the return to the writ of summons shows, should have been served according to Section 1760, R. S. 1909. Service was not good even under Section 1766, because it does not ap-

pear that the president or other chief officer of the defendant was absent from the county. Horn v. Railroad, 64 Mo. 561. (3) Defendant by taking an appeal to the circuit court did not waive the defects of jurisdiction. Meyer v. Ins. Co., 184 Mo. 481; Bente v. Typewriter Co., 116 Mo. App. 77; State ex rel. Fairbanks v. Ayers, 116 Mo. App. 90.

*New, Miller, Camack & Winger, P. E. Reeder* and *John Taylor* for respondent.

The alleged defects in the summons and return were cured by defendant's appeal from the judgment of the justice. Secs. 7568, 7579, R. S. 1909; Ser v. Bobst, 8 Mo. 560; Damhorst v. Railway Co., 32 Mo. App. 350; Gant v. Railway Co., 79 Mo. 502; Fitterling v. Railway Co., 79 Mo. 504; Boulware v. Railroad, 79 Mo. 494; Hull v. Beard, 80 Mo. App. 200; Musgrove v. Mott, 90 Mo. 107; Lesan Adv. Co. v. Castleman, 265 Mo. 345; Powell v. Railroad, 178 S. W. 216; Whiting v. Railroad, 101 Mo. 631; Idalia Realty & Dev. Co. v. Norman, 184 Mo. App. 146.

JAMES T. BLAIR, J.—In this case the Kansas City Court of Appeals rendered a decision (Cudahy Packing Co. v. C. & N. W. Ry. Co., 207 S. W. 70) which it deemed contrary to a previous decision (Swezea v. Jenkins, 186 Mo. App. 428) of the Springfield Court of Appeals. This explains the presence of the case here. [Sec. 6, Amd. of 1884 to Art. VI. of the Constitution of Missouri.]

Plaintiff Packing Company sued in a justice's court to recover from defendant Railway $156.75 damages for losses it alleges it suffered by reason of defendant's failure to re-ice a car of meat. Summons issued and an attempt at service was made. A motion to quash the return was overruled by the justice. Defendant made no further appearance in the justice's court, and judgment went for plaintiff. In due time defendant filed its affidavit and bond for appeal. The appeal was duly granted

by the justice and the case properly lodged in the circuit court. In that court defendant filed its motion to "quash, set aside and vacate" the writ of summons and the return thereon. This motion was overruled. Defendant made no further appearance, and judgment again went for plaintiff. From this judgment defendant appealed to the Kansas City Court of Appeals, which affirmed it and transferred the cause to this court for the reason stated.

Several questions are discussed in the briefs, but the Court of Appeals disposed of the case by a ruling that the taking of an appeal from a justice's court "waives the question of defective summons" in that court "and amounts to a general appearance in the circuit court." This ruling, if correct, disposes of the case. The question would not seem to require much space for its discussion were it not for the fact, pointed out by the Court of Appeals, that there is considerable conflict in this State in the decisions upon the subject. In view of this it is necessary to examine several previous decisions.

The effect of an appeal from a justice's court upon defects in or want of summons or service in that court depends upon the governing statute. That the Legislature constitutionally may enact that such an appeal, taken to a court where a trial *de novo* is to be had, shall constitute a general appearance in the cause, cannot be seriously questioned. Decisions subsequently referred to disclose that no constitutional obstacle is thought to intervene. The question in this case, therefore, concerns solely the meaning of the applicable statute as written.

In 1835 (Sec. 8, p. 370, R. S. 1835) it was enacted that upon the filing of the transcript "in the clerk's office, the court shall be possessed of the cause, and shall proceed to hear, try and determine the same anew, without regarding any error, defect or other imperfection in the proceedings of the justice." In the first case we have found in which this court referred to this section, it is clearly indicated that the court thought the taking of

an appeal from the justice constituted an appearance
having some efficacy to waive the insufficiency of the re-
turn of the summons in the justice's court. [Atwood v.
Reyburn, 5 Mo. 533.] In Lutes and Dulany v. Perkins,
6 Mo. 57, there had been no service upon Lutes, one of
the defendants, in the justice's court. Lutes and Du-
lany both appealed from the judgment of the justice.
In the circuit court both moved to set aside the judg-
ment of the justice for the reason that the justice had no
jurisdiction of the cause of action and none of the per-
sons of movents. The court said that the return on the
justice's process showed no service on Lutes and that
"the circuit court committed error in entering up judg-
ment against Lutes." Section 8, p. 370, Revised Statutes
1835, was neither cited in the briefs nor mentioned in the
opinion. In Ser v. Bobst, 8 Mo. 506, the service of the
summons had been insufficient to give the justice juris-
diction of the person. The case was under the forcible
entry and detainer act. The justice entered judgment
by default. Defendant appealed. The controlling stat-
ute (Sec. 36, p. 49, Laws 1838-39; Act of January 28,
1839)was, in so far as concerns the question here, like
Section 8, page 370, Revised Statutes 1835. The circuit
court dismissed the appeal. This court held that the
circuit court should, "without regarding any error, de-
fect, informality, or imperfection, in the proceedings of
the justice, have proceeded to hear, try and determine
the same anew, as if it had originated in that court . . .
The appellant, by bringing up the cause, had dis-
pensed with the necessity of a regular summons before
the justice." In Williams v. Bower, 26 Mo. 601, the
summons issued by the justice had been made return-
able in nine days instead of the minimum fifteen days
prescribed by the statute. There was judgment by de-
fault and an appeal to the Law Commissioners Court
(R. S. 1855, p. 1596, et seq.) where a motion to dismiss
for the mentioned defect was overruled and the cause
was then brought to this court. The question of the ef-
fect of the appeal upon defects of service was not men-

tioned; but the court did reverse the judgment and dismiss the cause because, it held, the summons was void. Sanders v. Rains, 10 Mo. 770, was cited. In that case no appeal had been taken from the justice's court, and the question of the effect of an appeal was neither presented by the record nor referred to by the court. In Hunt v. Cobb, 28 Mo. 198, the rule in Williams v. Bower, was applied. The question before us was not referred to by the court. Judge Scott dissented on another ground. In Blunt v. Railroad, 55 Mo. 157, defendant moved in the justice's court to set aside judgment by default, on the ground that "the process was not legally issued and served." The motion was overruled and defendant appealed to the circuit court. There it moved to dismiss the cause for the same reason but did not except to the adverse ruling of the circuit court. On error this court said that under the statute (like that of 1835) "the effect of an appeal to the circuit court, without anything further, amounts to full appearance to the action of the circuit court." This would seem to dispose of the matter, but the court added: "But the appellant is allowed by motion in the appellate court to demonstrate the purpose of his appeal, which was done in this case. This motion, however, was overruled." If the defect of service was waived by appeal, it would seem the permission to demonstrate such a "purpose of his appeal" would contain small comfort for the defendant. The court further said it could not consider the overruling of the motion because no exception had been saved. Unless the appeal waived the defect in the process it would seem the question could have been reached on the record. This decision has the appearance of deciding the question both ways. In Jordan v. Railway, 61 Mo. 52, defendant objected to the justice's process by motion to set aside judgment by default. The motion was overruled and defendant appealed to the circuit court. That court overruled a motion to dismiss the cause because of defects in the justice's process. On appeal this court reversed the judgment and remanded the cause with di-

rection that the case be dismissed unless facts were shown which justified an amendment showing service. The question of the effect of the appeal as an appearance was not suggested or considered. This decision was rendered at the October Term, 1875.

Thereupon the Legislature came to the rescue. In 1879 (Sec. 3052, R. S. 1879) the old statute (Sec. 13, p. 724, G. S. 1865), which had remained the same since 1835 and under which the varying decisions referred to had been rendered, was amended to read as follows:

"Upon the return of the justice being filed in the clerk's office, the court shall be possessed of the cause, and shall proceed to hear, try and determine the same anew, without regarding any error, defect or other imperfection in the *original summons or the service thereof, or on the trial, judgment, or other* proceedings of the justice *or constable in relation to the cause.*"

The italics indicate the words added by the amendment. This change in the law seems designed to reach the question left in doubt by the decisions. The Circuit Court of Linn County thought so in Brandenburger v. Easley, 78 Mo. 659, but the decision of this court was, in effect, to the contrary. In Boulware v. Railroad, 79 Mo. 494, the record presented the question, and Section 3052 and Ser v. Bobst, supra, were cited. The court nevertheless seems to have put the decision on the ground that defendant appeared generally in the justice's court. In Gant v. Railway, 79 Mo. 502, the court held both (1) that an appearance to move to set aside default constituted an appearance in the justice's court, and (2) that the taking of the appeal from the justice, under Section 3052, "dispensed with the necessity of a regular summons before the justice."

In 1875 the St. Louis Court of Appeals had been established. In 1882 in Gibbs v. Railway, 11 Mo. App. 459, it was held that under Section 3052, Revised Statutes 1879, an appeal from a justice constituted a waiver of all defects of service. The same holding appears in Heine v. Morrison, 13 Mo. App. 590, and Martin v. Prietto, 14

Mo. App. 596. In Smith v. Simpson, 80 Mo. l. c. 636, and Fare v. Gunter, 82 Mo. 522, it seems that this court again thought that a defendant might, under Section 3052, appeal from a justice's court and be entitled to object in the circuit court for the insufficiency or want of service. The case of Fare v. Gunter was decided at the October Term, 1884. In the Laws of 1885, p. 186, under date of March 21, 1885, appears a further effort to solve the problem. It was attempted to add a proviso to Section 3041, Revised Statutes 1879, expressly providing that "the affidavit and bond for appeal filed shall be taken and considered by the appellate court as an entrance of appearance." Whether this proviso fell outside the breastworks because of the title and the character of the introductory part of Section 2 of the Act, it is unnecessary to decide since it is certain it was validly incorporated in the section by the revised bill on Justices Courts which was passed in 1889. In 1887 the St. Louis Court of Appeals held in Eubank v. Pope, Lockwood & Co., 27 Mo. App. l. c. 464, that the taking of an appeal from a justice's court "waives all defects or omissions touching the orignal service, and brings the appealing party into court for all the purposes of the cause." In Witting v. Railroad, 28 Mo. App. l. c. 107, Rice v. Railway, 30 Mo. App. l. c. 112, and Fitzpatrick v. Railway, 34 Mo. App. l. c. 285, like holdings appear. The Witting case reached this court by transfer, and it was held, Witting v. Railroad, 101 Mo. l. c. 635, that the appeal from the justice waived "all errors and defects in the original summons and in the service thereof." In Carter v. Wamack & Staggs, 64 Mo. App. l. c. 341, 342, the same rule was applied. In 1901 (Meyer v. Ins. Co., 92 Mo. App. l. c. 398) it was held that an appeal was equivalent to a general appearance in the circuit court. The cause was transferred to this court because of conflict on the point. While it was pending here the Witting case was followed in Winer v. Maness, 94 Mo. App. l. c. 164 and 165.

In due time the Meyer case came on for hearing in this court. [Meyer v. Ins. Co., 184 Mo. 481, l. c. 487.] This court held that the defendant in that case was properly brought into court by valid summons properly served and that, therefore, the "appeal by the defendant from the justice of the peace cuts no figure in the case." The court then proceeded to point out, citing cases, that under our practice a "defendant can unite in the same pleading a plea to the jurisdiction, as to the person as well as to the subject-matter, with a plea to the merits, and that he does not thereby waive the question of jurisdiction of the court." Further, it was held that "defendant did make timely objection" to the jurisdiction of the person "both in the justice's court and the circuit court, and the fact that when the justice ruled against him he took an appeal to the circuit court no more waived that objection than if it or any defendant had appeared to the action and pleaded to the jurisdiction and to the merits in the same answer." It was also said that the St. Louis Court of Appeals erred in holding that by taking an appeal from the justice, "after the justice had ruled against it on its plea to the jurisdiction" of the person, "the defendant waived the plea to the jurisdiction." The court said that, on the contrary, "the defendant never waived the plea but has always properly made and preserved the question;" that the "St. Louis Court of Appeals overlooked the rule in this State that a defendant can appear and plead in abatement and in bar at the same time and in the same plea." After that decision was promulgated the courts of appeals usually construed it as an abandonment of the decision in Witting v. Railroad, supra, and like cases, and followed it as so construed until this court, in the same division, Number One, decided in Lesan Advertising Co. v. Castleman, 265 Mo. l. c. 351, that "the jurisdiction of the person of appellant was complete by his appearance in the justice's court at the trial; by taking the appeal, and thereby going voluntarily into the circuit court (Boulware v. Railroad, 79 Mo. 494; R. S. 1909, sec. 7568) and by his gen-

eral appearance in the circuit court.'' In that case defendant's motion in the circuit court contained grounds other than those going to the jurisdiction. Thereafter (Powell v. Railway, 178 S. W. 212) the Lesan case has been followed as overruling the Meyer case. The Powell case was transferred to this court but dismissed before it was reached.

The practically universal rule in other jurisdictions is that an appeal from the judgment of a justice of the peace to a court where a trial *de novo* must be had waives all defects of jurisdiction over the person of the appellant and amounts to a general appearance in the appellate court. [2 R. C. L. sec. 96; 24 Cyc. pp. 694, 695.] In notes to Gulf Pipe Line Co. v. Vanderberg, 28 Okla. 637, 115 Pac. 782, which appear in 34 L. R. A. (N. S.) p. 661, et seq., and in 1912D Ann. Cases, p. 411, et seq., the cases are collected. They come from the courts of more than a score of states and constitute an impressive array, whether considered from the point of view of numbers, the number of states from which they emanate, the character of the tribunals which decided them, the unanimity of opinion which they disclose or the soundness of the underlying reason upon which they are based. Later cases adhere to the same rule. [German Investment Co. v. Westbrook, 101 Ark. 124; Stephens v. Wheeler, 60 Colo. 1 .c. 356; Doggett v. Railway, 31 Okla. 177; Cohn v. Clark, 48 Okla. 500; Gibson v. Haworth, 47 Pa. Super. Ct. l. c. 622; Smith v. Thompson, 85 W. Va. 364, 101 S. E. 723.]

The purpose of an appeal from a justice of the peace in this State is to secure a ''trial anew.'' That is the sole purpose for which such appeal is permitted by the statute. [Sec. 2902, R. S. 1919.] When a defendant appeals he therefore appeals for that purpose and no other. The very lodging of the appeal in the circuit court constitutes an invocation of the appellate jurisdiction of that court; and, since the circuit court, on such an appeal, has no appellate jurisdiction except for the purpose of a trial anew, it is an invocation of that

court to exercise its jurisdiction in a trial anew. This of itself constitutes such an appearance as to waive defects in or absence of summons or service. In this State this principle is supplemented, as already pointed out, by one statutory provision (Sec. 2902, R. S. 1919) which expressly directs the circuit court on appeal to disregard every "error, defect or other imperfection in the original summons or service thereof," and another which expressly provides (Sec. 2891, R. S. 1919) that "the affidavit and bond for appeal filed shall be taken and considered by the appellate court as an entry of appearance." No defendant is obliged to appeal. If not served properly he may elect whether he will or will not appeal. If he does so, he must abide the consequences. He has appeared. If he does not appeal and the service proves good, his "judgment" was bad and the justice's judgment will stand. If it is not good, then he is in no worse position than any other suitor against whom it is attempted to render a judgment without service of process. Of course, what we have said refers only to defects in jurisdiction over the person.

The case of Meyer v. Ins. Co., 184 Mo. 481, disposed of the question without discussing the cases, in or out of the State, or the statutes which relate to it. The decision was, in the main, put upon the ground that under our practice a defendant may unite in the same pleading a plea in abatement with a plea to the merits. We are unable to perceive the relevance of this principle to the question then and now being decided. The earliest of the cases cited in the Meyer case on the point is Little v. Harrington, 71 Mo. 390, in which it was held that the then existing sections of the statutes (Secs. 3513 and 3522, R. S. 1879), which are still in force (Secs. 1224 and 1233, R. S. 1919), dispense with the common-law rule that matter in abatement might not be joined with matter in bar without waiving the former, and permitted all defenses, whether in abatement or in bar, to be pleaded in the same answer. The other decisions also plant the rule upon the same sections of the statute.

Section 1224, Revised Statutes 1919, provides: "The only pleading on the part of the defendant is either a demurrer or an answer." That portion of Section 1233, Revised Statutes 1919, relied on in the case cited, reads: "The defendant may set forth by answer as many defenses and counter-claims as he may have, whether they be such as have been heretofore denominated legal or equitable, or both." What the court holds in the cases mentioned is that these statutory provisions mean what they say, i. e. that there can be but one answer and it must contain all the defenses the defendant may *have*. The fact that a defense may be pleaded in a certain way, if the defendant *has* such a defense, does not bear upon the question whether under given conditions, the defendant *has* that defense. The question upon which the Meyer case was certified here was not whether the supposed defect in the service could be pleaded with matter in bar. It was whether there had been a waiver of a supposed defect in the service. There was no contention in the Meyer case that defendant had waived its objection to the jurisdiction of the person by the filing of the motion in the justice's court or of that in the circuit court, directed against such jurisdiction. No matter in bar was included in either motion. [State ex rel. v. Grimm, 239 Mo. l. c. 171, et. seq.; State ex rel. Bulger v. Southern, 278 Mo. l. c. 621.] The insistence was that the taking of the appeal from the justice constituted a general appearance. It may be conceded that defensive matter in abatement may be pleaded in the same answer with matter in bar without being waived thereby. It may also be conceded that "in an ordinary action an appearance solely to challenge jurisdiction for want of service gives no jurisdiction of the person." [State ex rel. Bulger v. Southern, supra.] Let it also be conceded that after such a special appearance, in a proper case, movent ordinarily may proceed with the case without thereby waiving the point of jurisdiction. Nevertheless, the question whether the appeal from the justice constituted a general appearance which gave full jurisdiction of the

person of the defendant was not settled by either of these considerations. If the service was bad, it did not bring defendant into the justice's court; but the appeal constituted a *general* appearance for all purposes, despite the motion to dismiss filed before the justice. That is the effect of a general appearance. We do not think the court meant in the Meyer case to hold that after objection once made, a defendant can enter his general appearance and still insist upon the objection. Let it be again conceded that he may do such things as would, absent the previous objection, have amounted to a general appearance, without waiving the objection. The result of this is not to destroy the effect of a *general* appearance as a waiver of objections to the person, but, upon condition that objection to the jurisdiction is first made, to permit certain things to be done after such special appearance, without the doing of them being held to constitute a general appearance. In the Meyer case, as in this, defendant objected in the justice's court to the sufficiency of the service. That objection did not give jurisdiction of the person. Defendant then appealed. Such an appeal is expressly and unconditionally declared by our Legislature to be a general appearance. No exception is made of cases in which a plea to the jurisdiction previously shall have been filed. All are included. The appeal brought defendant into court. His motion in the circuit court was futile. He had already appeared generally. No question of pleading was involved. It is clear that the right to file a plea to the jurisdiction of the person does not include a right thereby to undo the effects of a previous general appearance.

We think the decision in the case of Meyer v. Ins. Co., 184 Mo. 1. c. 488, 489, in so far as the point now in judgment is concerned, is erroneous and should no longer be followed. The same conclusion applies to a like ruling in Swezea v. Jenkins, 186 Mo. App. 428; Trimble v. Elkins, 88 Mo. App. 229; State ex rel. Fairbanks v. Ayers, 116 Mo. App. 90; Bente v. Typewriter Co., 116 Mo. App. 77; Mfg. Co. v. Railroad, 167 Mo. App. 683,

and those other decisions already mentioned, and others if there be any, from this and the courts of appeals which hold contrary to the view taken in this case. It is due to our brethren of the several courts of appeals to say that they struggled valiantly against the errors of this court and rendered correct decisions in interims in which decisions of this court permitted the correct rule to be followed; and that several of the cases we overrule have already been overruled by the courts which promulgated them but in decisions not officially published, and we include them here for that reason. The judgment is affirmed. All concur.