## LUTES & DULANY v PERKINS Ass'Er.

1. In proceedings under the 10th sec. of 1st art. of the act relating to Justices Courts, (R. C. 1835, p. 349) given to justices of the peace jurisdiction out of their own townships in certain cases, it need not appear from the docket of the justice, that the necessity of exercising the jurisdiction existed, but that it may be given in evidence on the trial of the cause

2. Whenever it becomes necessary for a justice of the peace to empower a suitable person to execute process under the 28th sec. of 2d art. of the act relating to Justices Courts (R. C 1835, p 352,) the justice is not restricted in his choice to an inhabitant of his own township
· Appeal from a Justices Court deft. appeared in the Circuit court and moved to set aside the judgment of the justice. Held not to be such an appearance and defence as will cure the want of service of the summons, and that the circuit court in such case, (there having been no service of the summons,) erred in entering up judgment against deft.

Error to the Circuit Court of Audrain County.

Van Ardrll for plaintiff. The Court below erred in overruling the motion to dismiss judgment against both the defendants aforesaid, and cites, in support of this position, the statute of the State of Missouri defining and limiting the jurisdiction of justices of the peace in civil cases, revised Statute of 1835, page 348, 1st art. section 7, also same book page 351, sec. 11 and 14, further, same book, page 354, sec. 7, art. 3.

Williams for defendants. The bill of exceptions does not say that the evidence contained in the record was all the evidence given on the trial of the cause, in the Audrain Circuit Court, and there may have been none, for ought this Court knows, see Foster & Foster vs Nowlin, May term 1835. Rollins vs Bowman 2 vol. Mo. Dec. See also Carr & Morris vs Simmons M. Ds. page 59, August term 1837.

Opinion of the Court delivered by Tompkins Judge.

Perkins sued the plaintiffs in error before a justice of the peace and obtained judgment. They appealed to the Circuit Court, and that Court having given the same judgment, the cause comes here by writ of error. The justice of the peace, residing in Wilson Township, directed his process to the constable of Saline township in the said county. On the back of the process issued by the justice was this endorsement, "at the risque and request of the plaintiff I authorise John Perkins to serve and return this writ." This endorsement was signed by the justice, and the return was "that the writ was served on Dulany &c." When the case come into the Circuit Court, the defendants moved that Court to set aside the judgment of the justice for these reasons, viz: 1st the justice had no jurisdiction either of the cause or of the person of the defendant. 2nd The justice had no right to appoint a person out of his township to serve the summons in this cause. 3rd There was no service of the summons before judgment was rendered by the justice. The court over ruled the motion to dismiss and allowed the appellee, plaintiff before the justice, to give evidence to show that there was no justice of the peace in Saline township at the time this action was commenced, except the assignee of the note, and that there was no constable in said township; exceptions were taken to this decision of the Court; and it is assigned for error that the motion to dismiss was overruled.

1st. Whenever there shall be no justice in the township, where any suit, cognizable before a justice of the peace, ought to be brought, or whenever all the justices of the peace of such township are interested in any such suit, or otherwise disqualified by law for trying the same, every such suit may be brought before some other justice of any adjoining township of the county. See 10th section of 1st article of the act to establish justices courts, &c. page 349 of the digest of 1835. It was contended that it ought to have appeared from the proceedings before the justice that the necessity of applying to a justice, of an adjoining township existed. The statute does not declare it to be necessary to preserve any such evidence on the justices books, and in my opinion

the circuit court committed no error in permitting the evidence to be given before itself.

2nd. I can see no reason why a justice of the peace should be restricted to his own township, when it becomes necessary to empower any suitable person to execute process; the twentieth section of the second article of the above mentioned act requires only that the justice shall be satisfied of the necessity and that the appointment shall be made, at the request and risk of the plaintiff. The circuit court then appears to have committed no error, in refusing to dismiss the suit for this reason.

3rd. The return on the process issued by the justice shows that the summons was served on the defendant Dulany, and not on Lutes. The circuit court then committed error, in entering up judgment against Lutes; for this reason its judgment is reversed, and the cause will be remanded to that court, and it will proceed therein in conformity to this opinion.

act relating to justices courts (R. C. 1835, p. 352,) the justice is not restricted in his choice to an inhabitant of his own township.

Appeal from a justices court, def't appeared in the circuit court and moved to set aside the judgment of the justice. Held not to be such on appearance and defence as will cure the want of service of the summons, and that the circuit court in such case, (there having been no service of the summons,) erred in entering up judgment against defendant.

*(Marginal note: OCT. TERM, 1839. Lutes & Dulany, vs, Perkins as'ee. — cossity of exercising the jurisdiction existed, but that fact may be given in evidence on the trial of the cause. Whenever it becomes necessary for a justice of the peace to empower a suitable person to execute process, under the 20th sect. of 2d art. of the)*