Burket, J.
There was no pretense of service of summons upon the Cleveland City Railway Company in the action before the justice of the peace, and. it is too clear for argument that the judgment against that company was and is void and of no effect, and the collection of that judgment was very properly forever enjoined by the court of common pleas, and that judgment affirmed by the circuit court.
The circuit court held as matter of law in the case at bar, that the service of summons upon the Woodland Avenue and West Side Street Railroad Company was not sufficient to give the justice of the peace jurisdiction; that section 6478, Revised Statutes, does not apply to service of summons upon street railroads; that said judgment against said last named company was therefore void; that said defendants did not submit themselves to the jurisdiction of the justice *73 of the peace by making said motion to vacate said judgment, and that said defendants are not bound to show a meritorious defense to the action, before the justice of the peace, before having said judgment decreed invalid upon the ground of want of service of summons.
The correctness of these holdings of the circuit court is challenged by the plaintiff in error. It does not appear in the proceedings before the justice of the peace, nor in the petition of the plaintiff, nor in the finding of facts, nor elsewhere in the record that the Woodland Avenue and West Side Street Railroad Company was a company formed by consolidation with any other company, or that it was what is usually known as a consolidated company. There is an intimation to that effect in the brief of the plaintiff in error, but there is nothing in the record to that effect. The Cleveland City Railway Company was, at the commencement of the action before the justice of the peace, a consolidated company into which the Woodland Avenue and West Side Street Railroad Company had become merged, but there was no attempt to serve a summons upon that consolidated company, and therefore no question arises in this case as to the manner of serving summons upon a consolidated street railroad company, nor as to the effect or construction of section 2505b.
It is urged by counsel for plaintiff in error that the manner of service of summons as provided for railroads in section 6478, Revised Statutes, is applicable to street railroads. That section is as follows:
'"Suit may be brought before a justice of the peace against any railroad company, in the township in which the president of the company may reside, or in any township into or through which the road owned or leased by said company may be located, whether such company be foreign or created under the laws of this state, and whether the charter thereof prescribes the place where suit must be brought against *74 it, or the manner or place of service of process thereon; and if the principal business office of the company is not kept in the township in which any such suit may be brought, it shall be the duty of the justice of the peace to issue a writ of summons against said company, directed to any constable in the toAvnship in which said suit may be brought. The constable shall, on receipt of such summons, forthwith serve the same personally upon the president of such company, if he be a resident of the county in which suit is brought, or by leaving a certified copy at his place of business, if the same be within such county; provided, that if the president of any such company shall not be a resident of, or have a place of business within, the county in which such suit shall be brought, it shall be lawful for the constable having such summons, to serve the same personally upon the person having charge of a ticket office, or on the person having charge of a freight depot, owned by or under the control of such company, if such ticket office or freight depot be situated within the county where such suit shall be brought; and, provided, further, that when such summons shall be served on either of such last described persons, it shall be done at least eight days prior to trial; but when served upon the president, as aforesaid, it may be served in accordance with the law for serving summons issued by justices of the peace; provided, that when the president of such company does not reside, and there is no such officer or depot in said county, then it shall be the duty of the justice of the peace to issue a writ of summons directed to the sheriff of the county where the principal business office of the company is located, with an endorsement on the back of the writ, of the name of the post office to which said writ shall be returned; and the sheriff, upon the receipt of said writ, shall forthwith serve the same personally upon the president, if found, or by leaving a copy at the business office of said company Avith the person having *75 charge thereof, and immediately return the said writ to the justice of the peace issuing the same, by mail, directed to the post office named on the back of the writ.”
This statute was first enacted in substantially its present form in the year 1850 before street railroads had an existence. It was amended by the act of March 31, 1866, 63 O. L., 63, and was carried into the Revised Statutes of 1880 with a slight addition from section 66 of the Code, as amended April 30, 1868, 65 O. L., 116, and made section 6178 of the revision. As the statute stood from its enactment in 1850 to the time when street railroads were first authorized by act of April 10, 1861, 58 O. L., 66, it could apply to railroads only, and there is no change in the act by the amendment of 1866, nor by the Revised Statutes indicating an intention to extend the act to street railroads, and the wording of the section shows that it was intended to apply to railroads only, and not to street railroads. Both the history of the section and the wording thereof induce us to hold that it has no application to street railroads.
It follows that the service of summons made under this section on the Woodland Avenue and West Side Street Railroad Company was void, and gave the justice of the peace no jurisdiction, and that the judgment rendered by him was without jurisdiction and void.
The filing of the motion to set aside and vacate this void judgment, the appearance being for- the purpose of the motion only, did not have the effect to render the void judgment valid. The appearance was only for the purpose of calling the attention of the justice of the peace to the fact that he had not acquired jurisdiction, and not for the purpose of submitting to his jurisdiction. Freeman on Judgments, 193; Lutes v. Perkins, 6 Mo., 57.
It is also contended by counsel for plaintiff in error, *76 that when the court of common pleas enjoined the collection of this judgment., and the circuit court reversed that judgment, the question of the validity of the judgment was thereby adjudicated, and cannot now be again called in question. This contention is not sound. The reversal of the judgment did not conclude the matter. The judgment of the circuit court acted only upon the judgment of the court of common pleas and reversed and vacated that judgment and the injunction thereby awarded, but it could add no life or vigor to the judgment rendered by the justice of the peace. And as it was void and of no force when the action was begun in the court of common pleas, it remained void after the judgment of the court was reversed, because the reversal left the matter standing the same as if no action had been prosecuted in either the court of common pleas or the circuit court.
It is further contended by counsel for plaintiff in error that the defendant cannot have said judgment before the justice of the peace decreed invalid, when an effort is made to enforce it by means of a creditor’s bill, until it is made to appear that there exists a valid defense to the action. This contention is not well taken. The cases in which a valid defense must first be shown, are those in which it is sought to open up a judgment after the term at which it was rendered, as provided in sections 5354 and 5360, Revised Statutes, or where an attack is made in equity upon a judgment for the purpose of setting it aside, or removing the lien thereof from real or personal property. This is not such a case. This is not for the purpose of opening up a judgment or making an attack thereon, but it is defending against the enforcement of a judgment rendered without legal service of summons upon the defendant. The service of summons having been made outside of the jurisdiction of the justice of the peace, was void, and therefore the judgment was void. It is urged *77 that as the defendant might have waived the illegal service and entered its appearance, the judgment was only voidable. But such entry of appearance would not have been by virtue of any validity in the service. Appearance might have been entered without the issuing or service of any summons whatever.
But it is said that even though the service was void, it gave notice in fact to the defendant that an action was pending against it, and that where a defendant has knowledge of the action the judgment will not be set aside until it appears that there is a good defense to the action, and Gifford v. Morrison, 37 Ohio St., 502, is cited and relied upon.
In that case the service was within the jurisdiction of the justice of the peace, and while it was irregular, such irregularity did not appear upon the copy of the summons served upon the defendant, and he allowed judgment to be taken by default, supposing the proceedings to be regular. A transcript was filed and a lien thereby obtained upon real estate; and after the real estate had been sold and conveyed, the grantee filed a petition to quiet her title and to have the judgment lien removed from the premises. She thereby actively attacked the validity of the judgment, and in so doing she assumed the burden, in equity, of showing not only that the judgment was invalid, but that there was a good defense to the action. If the parties had shifted, and the judgment creditor had instituted proceedings to enforce his judgment, in which proceeding he would have been compelled to produce a valid judgment as the foundation of his action, the judgment debtor might in defense have challenged the validity of the judgment without showing a valid defense to the original action. When the invalidity of the judgment is used as an instrument of attack, it must appear that there is a valid defense; but when such invalidity is used as a defense — a shield — it need not appear that there is a valid defense to the original action. This *78 distinction was made in Allen v. Everly, 24 Ohio St., 97, as to the application of the statute of limitations. The third subdivision of the syllabus is as follows: “A party invoking affirmative relief based on the alleged payment of a debt, must establish the fact of payment; such relief will not be granted upon a presumption of payment arising alone from lapse of time. Though such presumption may be successfully used as a shield, it is not equally available as a weapon of attack.” The following appears in the opinion on page 111: “It is to be borne in mind that the plaintiffs are not defending against the enforcement of the mortgage, or the decree rendered thereon against them, but are invoking affirmative relief. But relief cannot be granted upon principles of equity until the party affirmatively establishes facts which entitle him thereto. Unless that be done, equity leaves the parties where it found them. While, on the one hand, it refuses relief, oh the other it does not debar them from any defense either may be entitled to when, aggressively attacked.”
The principle of that case is applicable here and is consistent with the case of Gifford v. Morrison, supra.
When the validity of a judgment is attacked, and an effort made to have it set aside and vacated, or the lien thereof removed, it is proper to compel the plaintiff to show, not only that the judgment is invalid, but that there is a good defense to the action in which the judgment was obtained; but when the holder of the judgment attempts to enforce it in a legal proceeding in which he can succeed only by showing a valid judgment, the invalidity of the judgment may be shown as a defense without going further and assuming the additional 'burden of showing that there is a good defense to the action. If it were otherwise an action might be brought in one county and summons issued to any other county and judgment entered, and then before the judgment could be re *79 sisted, when attempted to be enforced, a good defense to the cause of action would have to be shown. Such a burden is inconsistent with our statutes on the subject of venue, and should not be laid upon a defendant when an illegal service of summons is made outside of the jurisdiction of the court. It was therefore not necessary for the defendant to show a good defense to the cause of action before having said judgment held invalid.
The petition avers that the property of the Woodland Avenue and West Side Street Railroad Company was transferred by consolidation to the Cleveland City Railway Company, and that the latter company holds it in trust for the payment of the debts of the former company. Legally speaking this can not be true. The consolidated company holds the property which it acquired by consolidation, as its own, and not in trust. The liability of the constituent companies attaches to the consolidated company by virtue of the statute, and not by virtue of the law of trusts. In such cases the consolidated company becomes liable for the debts of the constituent companies, and may be compelled to pay them the same as its own debts, by judgment and execution. There is therefore no room for a creditor’s bill, because the consolidated company does not hold any property for the constituent companies, but for itself. The finding of facts shows that the Cleveland City Railway Company had no property in its possession or under its control belonging to the Woodland Avenue and West Side Street Railroad Company, and therefore, even conceding the validity of the judgment before the justice of the peace, the judgment of the circuit court was right upon the merits.
General creditors do not have a lien upon the property of constituent compapies before consolidation, nor afterward, unless such lien is established by judgment and execution according to law. There being no lien, and no rights in action or property to be *80 reached by a creditor’s bill, the cause was properly decided in favor of the defendants. The action could not be sustained as one at law for damages against the consolidated company because the amount claimed is less than one hundred dollars, and for that reason the judgment in favor of the defendant was right.
There are some other matters urged by counsel for plaintiff in error as to which it is sufficient to say that they are not of sufficient weight to reverse the judgment.

•Judgment affirmed.