———o———

STATE OF MISSOURI to the use of CLINTON COUNTY, Plaintiffs in Error, vs. THE HAN. & ST. Jo. R. R. Co., Defendants in Error.

1. *Railroads—Directors, service upon in certain suits not exclusive of common methods.*—In suit against a railroad company under the statute (§ 38, p. 310, W. S.) for failure to ring a bell or sound a whistle before its train reached a crossing, service of summons made upon a station agent of the company would be sufficient. The direction given in the statute, (W. S., p. 310, § 42,) viz; that "suit may be commenced by serving the summons on any director," etc., is permissive and additional to the common mode of service and not mandatory or exclusive of other methods named in the law.

### Error to Clinton Circuit Court.

*J. G. Woods and T. B. Dunn,* for Plaintiffs in Error.

The only question raised here by the record is: Was the service sufficient? Plaintiff contends that the service was good. (W. S., § 26, p. 294; Dixon vs. Han. & St. Jo. R. R. Company, 31 Mo., 409; Boston, C. & M. R. R. vs. The State, 32 N. H., 215; Dean vs. White & Haight, 5 Iowa, 265; Iba vs. Han. & St. Jo. R. R. Company, 45 Mo., 469; Tom. vs. Methodist Episcopal Church, 19 Wend., 25; New Albany & Salem R. R. vs. Grooms, 9 Ind., 243; New Albany & Salem R. R. vs. Powell, 13 Ind., 373.) The return of the officer shows that no president, chief officer, or director of defendant was in Clinton county upon whom service could be had.—

Therefore, unless service could be had upon some *agent* of the company, this statute would be entirely *inoperative* and *void* as to the Hannibal & St. Jo. Railroad Company in Clinton County, and we shall have a general statute *operative* in some counties of the State and *not* in others, and against *some corporations* and not against *others*. This could not have been the intention of the Legislature, and statutes must be so construed as to make them operative, and to carry out the intention of the Legislature. (Potter's Dw. on Stat. and Const., pp. 179, 194, note 13, pp. 202 and 203, notes 19 and 20, pp. 262, 277, 245, note 24, and rule 4, on page 184; U. S. vs. Winn., 3 Sum., 209; American Fur Co. vs. U. S., 2 Pet., 358; The Harriet, 1 Sto., 251.)

A Court of law will give effect to the words of a statute. (Potter's Dw. on Stat., and Const., 243.)

The provision of section 42, page 310, Wag. Stat., that suit "*may* be commenced by serving a summons on any director of said company," is *permissive* and not *mandatory*, and is an extension of section 26, on p. 294, and not a restriction. (Dean vs. White & Haight, 5 Iowa, 266; Potter's Dw., 220.)

"The word *may* is sometimes permissive and sometimes directory." No general rule can be laid down on this subject further than that such exposition ought to be adopted as shall carry into effect the true intent and object of the enactment. The ordinary meaning of the word, which is permissive, ought to be adopted and must be presumed to be intended unless it would manifestly defeat the object of the provision." (Potter's Dw., p. 222, note 27; Minor vs. Mechanics' Bank, &c., 1 Pet., 64; New York & Erie R. R. Co. vs. Coburn, 6 How. Pr., 224; Buffalo Plank R. Co. vs. Com. of Highways, 10 How. Pr., 239.)

Suits under the 10th and 43rd sections of this act have been commenced before Justices of the Peace by the usual service and upheld by this Court. (Iba vs. Han. & St. Jo. R. R. Co., 45 Mo., 469; Mooney vs. Han. & St. Jo. R. R. Co., 28 Mo., 570.)

*Hall & Oliver, and Carr*, for Defendants in Error.

I. The word *may* in the 42d sec. of chapter 63 of the general

statutes means *shall.* When that section says that suits for penalties may be brought in the name of the State it is clear that it means such suits shall be brought in the name of the State. When the same section says that suits for penalties not exceeding one hundred dollars may be brought before a Justice of the Peace, it means that such suits shall be brought before a Justice of the Peace. And so when it says that summons in such cases may be served on a director, it means that the summons shall be served on a director. (Dw. on Stat. and Const., Potter's 274; Bacon's Abridgement, Title Stat. 1; Dw. on Stat. and Const., 198; *Ib.,* 259, 260; State *ex rel., etc.,* vs. Holt County Court, 39 Mo., 521; Steines vs. Franklin County, 48 Mo., 167; Leavenworth & Des Moines R. R. Co. vs. Platte County Court, 42 Mo., 175.)

II. Where a statute creates a new offense and provides a remedy, that remedy must be pursued. (Dw. on Stat. and Const., 162; Rex vs. Robinson, 2 Burrows, 799; 2 Black, Iowa, 460; Reddick vs. Gorman, 1 Mo., 147; Lindell's adm'r vs. H. & St. Jo. R. R. Co., 36 Mo., 543; Sedgw. on Const. Stat., page 94; 3 Comstock, 15.) The mention of one is the exclusion of the other.

III. It is a well settled rule of construction that specific provisions relating to a particular subject must govern in respect to that subject, as against general provisions in other parts of the law which might otherwise be broad enough to include it. (19 Wis., 196; City of St. Louis vs. Laughlin, 49 Mo., 559; Grumley vs. Webb, 44 Mo., 444; Sedgwick on Stat. and Con. Law, 423; Dw., 247–8, *expressio unius est exclusio alterius ;* Sedg. on Stat. and Const. Law, 123; State *ex rel.* vs. Judge St. Louis Probate Court, 36 Mo., 529.)

IV. This is a *penal* statute and must be construed *strictly.* (Dw. on Stat. and Const., 245.)

ADAMS, Judge, delivered the opinion of the court.

This was a suit brought before a justice of the peace under the statute, against defendant for the penalty allowed against the defendant for failing to ring a bell or sound a whistle before its train reached a road crossing.

The service of the summons was on a station agent. The defendant failed to appear, and the justice rendered judgment by default for the penalty, twenty dollars. The defendant in due time filed a motion to set aside the judgment, for the reason that there had been no sufficient service of the summons. The justice overruled the motion, and defendant appealed to the Circuit Court. In that court the defendant filed a motion to dismiss the suit, because there was no sufficient service of the summons. The court sustained this motion, and dismissed the suit. Plaintiff excepted, and has brought the case here by writ of error.

The only question here, is the proper construction of section 42, Ch. 63, 1 Wagner's Statutes 310, which reads: "Sec. 42. All penalties imposed upon railroad companies by this chapter, may be sued for in the name of the State of Missouri ; and if such penalty be for a sum not exceeding one hundred dollars, then such suit may be commenced before a justice of the peace, and may be commenced by serving the summons on any director of such company.

The question is, whether the mode of serving the summons as indicated by this section, is merely permissive or absolutely mandatory. It is conceded that in ordinary cases the service on the station agent would have been proper under Section 26, 1st Wagner's Statutes 294 ; but it is contended that, inasmuch as this suit is for a penalty, the word *may*, as used in connection with the service of the summons, is restrictive, and no other mode is allowed than the one pointed out by this section. It strikes me that such a construction is too narrow to meet the end the legislature had in view. The object was to punish the Company for a neglect of duty, and to facilitate this object, an additional mode of serving the writ is provided. The word, *may*, when it concerns the public interests, or the rights of third persons, very often must be construed as meaning, shall, and hence that word as used in the same section in regard to bringing the suit in the name of the State, before a justice of the peace, ought to be considered as imperative, and as used in the sense of the word, shall. But there would be

no interests of the State or third persons advanced by restricting the service in this case to a director. The simple object of such service, is to bring the defendant before the Court, and there can be no peculiar reason why a director rather than any other agent should have been selected as the only person on whom the writ could be served.

In my judgment, the word may, as used in this section, in regard to the service of the writ on a director, is permissive and additional, and not restrictive or mandatory.

Let the judgment be reversed and the cause remanded. The other judges concur.