M. JORDAN, Respondent, *vs.* THE MISSOURI, KANSAS & TEXAS
RAILWAY CO., Appellant.

1. *Railroads—Suit before justice for burning plaintiff's property—Service on
agent, what insufficient—Constr. Stat.—Motion to dismiss, what sufficiently specific.*—In suit against a railroad company before a justice of the peace, for
setting fire to plaintiff's property, the constable's return, showing that he
served the writ by reading it to the agent, etc., is not sufficient. The service
of process, as provided for in § 9, Art. I, of the statute affecting justices,
(Wagn. Stat., 810, § 9) is authorized in suits for killing stock. But in the
case supposed it should be made conformably to the statute relating to corporations (Wagn. Stat., 294, § 26), by service on the chief officer, or by leaving a
copy with the agent, etc. And if made as above stated, by reading the writ to
the agent, the court will be bound, on general demurrer, or any motion which
will bring to its attention the defect in the service, to dismiss the suit, unless
the return is amended in accordance with the facts showing due service. And
the court cannot refuse to act upon the motion or pleading, on the ground that
they fail to specify wherein the return is defective.
2. *Practice, civil—General demurrer.*—A general demurrer may be proper.
(Morgan vs. Bouse, 53 Mo., 219.)

### Appeal from Vernon Circuit Court.

*John Montgomery, Jr.*, for Appellant.

I. The statute (Wagn. Stat., 294, § 26) directs that service
shall be made by leaving a copy of the summons, and service
by reading the summons, as was done in this case, is not sufficient. (Waddingham vs. City of St. Louis, 14 Mo., 194;
Smith's Adm'r vs. Rollins, 25 Mo., 410 ; Stewart vs. Stringer,
41 Mo., 404; Cosgrove vs. Tebo & Neosho R. R., 54 Mo.,
499.)

II. It was not necessary that the motion to dismiss or
in arrest of judgment, should have specified the particulars
wherein service of summons was defective.

The return of the officer is part of the record in the cause,
and the error, if any, is apparent on its face and the court decides upon the question as a matter of law. (Doan vs. Boley,
38 Mo., 449 ; Bateson vs. Clark, 37 Mo., 31; Han. & St. Jo. R.
R. Co., vs. Mahoney, 42 Mo., 471; Nordmanser vs. Hitchcock, 49 Mo., 182 ; Jones vs. Fuller, 38 Mo., 336.)

*James B. Johnson*, for Respondent.

I. The demurrer and motions to dismiss and in arrest were insufficient in failing to specify wherein service of process was insufficient. (Wagn. Stat., 1021, § 48; Patterson vs. Houston, 32 Mo., 478; Pearce vs. McIntyre, 29 Mo., 423; State *ex rel.* vs. Addle, 42 Mo., 210; Cheely's Adm'r vs. Wells, 33 Mo., 106.)

Hough, Judge, delivered the opinion of the court.

This was an action for damages by fire—alleged to have been caused by one of defendant's engines—brought before a justice of the peace in Vernon county.

There was a judgment by default before the justice, from which an appeal was taken to the Circuit Court, where the judgment of the justice was affirmed, and the defendant has appealed to this court.

The defendant moved in the justice's court to set aside the judgment by default, for the reason that the court had acquired no jurisdiction over the defendant, and afterwards moved in the Circuit Court to dismiss the plaintiff's suit, for the reason that neither the justices nor the Circuit Court had acquired any jurisdiction over the defendant, for want of sufficient service of process. Defendant also moved in arrest of judgment, for the same reason. There was no appearance by the defendant to the plaintiff's action. The constable's return is as follows:

" State of Missouri, } ss.
  County of Vernon. }

I, G. P. L. Clinton, Constable of Walker township, hereby certify that I served the within writ on the within named Missouri, Kansas & Texas Railway Company, on the 1st day of September, 1873, by reading to and in the hearing of J. B. Williams, the agent of said M., K. at Walker station in Walker township.

Geo. P. L. Clinton, Constable.

There are special provisions in relation to the service of process issued from justices' courts in suits against railroad

corporations for the killing of stock, (Wagn. Stat., 810, § 9) and also in proceedings by garnishment. (Sess. Acts 1873, p. 58.) But they are not applicable to this action.

The statute in relation to the service of process on corporations, applicable to the present case, provides that, "service on the president or other chief officer of such company, or, in his absence, by leaving a copy thereof at any business office of said company with the person having charge thereof, shall be deemed a sufficient service." (Wagn. Stat., 294, § 26.) It will be seen at a glance that the return of the constable failed to show service of process on the defendant in conformity to law.

Plaintiff's counsel virtually confesses the insufficiency of the return, but insists that the appellant is not entitled to be heard on his motion, for the reason that it did not specify wherein the return was defective; that the same rule should apply to a motion of this character that is applicable to a demurrer, and that a general demurrer is not allowed in our practice.

General demurrers are allowed, as will be seen by reference to the case of Morgan vs. Bouse (53 Mo., 219). But were it otherwise, it is the duty of every court, when objection is made to the sufficiency of an officer's return of service of process, to ascertain whether the defendant is in court, before it proceeds to judgment and subjects the parties to the payment of unnecessary costs; and any motion which brings such objection to the attention of the court will be sufficient, even though it fails to point out the manner in which the defendant should have been served.

The defendant not having been legally served, and not having waived the defect, the judgment must be reversed and the cause remanded, with directions to dismiss the plaintiff's suit if no amendment is made, in accordance with the facts, showing service as provided by law; the other judges concur.