GRAYSON et al., *Plaintiffs in Error*, v. WEDDLE.

1. **Administrator's Sale**: ERROR IN DEED: EQUITY FOR TITLE. Where a purchaser of land at administrator's sale pays the purchase money, and the same is applied in discharge of the debts of the decedent, but the land is not correctly described in the administrator's deed, an assignee of the purchaser will be entitled to a decree in equity correcting the error and divesting the legal title to the land out of the heirs of the decedent and vesting it in him.

2. **Jury Trial.** Where an answer in ejectment combined a legal with an equitable defense, *Held*, that it was error to refuse a jury trial upon the issues at law. But where the parties after such refusal submitted the case for trial to a counselor of the court, stipulating that his finding should be entered as the finding of the court; *Held*, that this waived the right to have a jury.

3. **Justices of the Peace.** A justice of the peace has no authority to do an official act beyond the limits of his own county. An application for a change of venue sworn to before a justice outside of his county is, therefore, not verified by affidavit.

*Error to DeKalb Circuit Court.*—Hon. J. P. Grubb, Judge.

Affirmed.

*S. G. Loring* for plaintiffs in error.

*H. K. White* and *Strong & Mosman* for defendant in error.

Henry, J.—This is an action of ejectment commenced by plaintiff in the DeKalb circuit court, for the east half of the southeast quarter of section 27, the northeast quarter and east half of the southeast quarter, and the northwest quarter of section 34, all in township 58, in DeKalb county.

The answer, in addition to a general denial, set up an equitable defense: in substance, that the probate court of said county made an order for the sale of said land for payment of debts of the estate of Joseph Morgan, who died seized of the land, and under whom, as his heirs at law, plaintiffs claim title; that at the sale so ordered, one Moore purchased the land, at the price of $3,700, its appraised value, and paid the purchase money; that the report of sale was approved by the probate court; that the administrator failed to make a deed to Moore, who sold the land to defendant Weddle, receiving a part of the purchase money, and delivering his bond for a title, on the payment of the balance; that after Moore's death, Weddle paid the balance, and instituted a suit against Moore's heirs to obtain a decree for title, in which a decree was rendered, vesting in him their title; that afterward, under a mortgage foreclosure, as to part of the land, and a purchase of the balance, defendant Ransom acquired title to all the land from Weddle, and is in possession; that after Moore's death, the administrator of Morgan's estate, who made the sale as such, executed a deed, as administrator, conveying the land sold by him under the order of the probate court, to

Moore's heirs, except the east half of the southeast quarter of section 34, township 58, range 32, in lieu of which another tract was, by mistake, embraced in the deed, in which it was the intention to embrace said east half of the southeast quarter above described. It is also alleged that said administrator expended the purchase money received from Moore in payment of debts of said estate, and supporting and maintaining plaintiffs; that defendants and Moore and his heirs have made lasting improvements upon the land; and the prayer is that the court will, if it find against defendants that plaintiffs had the legal title, re-imburse them for purchase money, improvements, etc., or render a decree vesting the legal title in them, and for general relief.

The plaintiffs moved the court to strike out those parts of the answer alleging mistake in the deed made by the administrator, and that the purchase money received from Moore had been used in payment of debts of the estate and in support and maintenance of plaintiffs, and, also, the prayer of the answer. The court overruled the motion.

This cause was once before in this court, on error, and is reported in 63 Mo. 521, and it was then expressly ruled that defendants might amend their answer, with respect to the mistake in the deed from the administrator; and with regard to the other parts of the answer embraced in the motion, they were, in our view of the case, wholly immaterial, except the prayer of the answer, to which we see no objection. Nearly every question argued by appellants' counsel, in his brief, was passed upon, and decided adversely to appellant, when the cause was here before, and we shall, therefore, notice only such portions as were not then considered.

The amendment with respect to the mistake made in the administrator's deed having been expressly sanctioned 1. ADMINISTRATOR'S in the opinion of the court in this case de-
SALE: error in deed:
equity to title. livered on the former occasion, was an intimation that if the facts as alleged in the answer were found for defendants, this would constitute an equitable

defense to the action so far as concerned that omitted tract. If Moore bought and paid for that tract, the defendants, under their purchase from him, and by the decree in the suit of Weddle against his heirs, stands in his place; and upon the principle recognized by the recent decisions by this court, that the purchaser at an administrator's sale, under such circumstances as are alleged in this answer, acquired an equitable if not a legal title, which will enable him to defend against an action of ejectment brought by the heirs at law of the intestate, no good reason is perceived why it is not also a sufficient ground for a decree vesting the legal title in the equitable owner. *Snider v. Coleman*, 72 Mo. 568. If, as against the heirs, who have the legal title, such purchaser is entitled to the land, and can forever hold it against them, their legal title is a cloud upon his superior title, and equity should remove it. This doctrine harmonizes with the principle of the recent decisions of this court, and with elementary principles of equity jurisprudence.

At the trial plaintiffs demanded a jury, which was refused; and therein the court committed error. The answer 2. JURY TRIAL. of defendants combined a legal with an equitable defense, and the whole case was not one of equitable cognizance. In *Freeman v. Wilkerson*, 50 Mo. 554, cited by respondents' counsel, the only defense was equitable. The general denial in the answer of the facts alleged in the petition, raised an issue at law, and this issue was triable by jury.

It is insisted that the court also erred in refusing the change of venue applied for by plaintiffs. Both in form 3. JUSTICES OF THE and substance, the petition complied with PEACE. the law. The affidavit attached to the petition required by the law was made in DeKalb county, before a justice of the peace of Clinton county. A justice of the peace has no authority to act, as such, beyond his county. His act as a justice of the peace, done in DeKalb

county, was a nullity, and the petition was, therefore, not
verified by affidavit.

For refusing to call a jury to try the issues made on
the legal defense, the judgment must be reversed and the
cause remanded

### On Motion for Rehearing.

HENRY, J.—The judgment heretofore rendered in this
cause, to-wit, on December 3rd, 1883, at the present term
of this court, by which the judgment of the circuit court
was reversed and the cause remanded, is hereby set aside
and a judgment of affirmance will be rendered and is hereby
ordered. The sole ground upon which the reversal was
based was that the court erred in refusing plaintiffs' request
that a jury should be called to try the issues of fact. No
abstract of the record was filed by defendants' counsel, and
from that filed by plaintiffs in error the following order was
omitted, although contained in the transcript, at page 31:
" Now at this day come the parties hereto by their respect-
ive attorneys, and by agreement of said parties in open
court, it is ordered that this cause be submitted to the Hon.
Wm. Henry for trial, his finding herein to be made the
finding of the court, subject to all exceptions to the same
extent as if tried by the judge of this court." The cause
was tried by Wm. Henry, and we would not have reversed
the judgment had we known of the existence of that order,
and we would have discovered it, but for our confidence
that no member of the bar of this court would omit from
his abstract so important a part of the record and then in-
sist upon a point which he must have known that such
omitted part would have fully answered. All the judges
concur, except NORTON, J., absent.