HENRY MEYER, Respondent, v. PHENIX INSURANCE COMPANY, Appellant.

St. Louis Court of Appeals, February 18, 1902.

1. **Subject-Matter: JURISDICTION OF.** Jurisdiction of the subject-matter of a cause is the power to hear and determine actions of the general class to which the one in question belongs.

2. **Statutory Construction: HISTORY OF AMENDMENT.** The history of an amendment of the law may properly be considered in construing it.

3. **Justices: POWER TO ISSUE SUMMONS TO SUPERINTEND-ENT OF INSURANCE.** A justice of the peace in any county in Missouri may issue a summons to a sheriff or constable of the locality where the State Superintendent of Insurance resides or has an office, in cases where a foreign insurance company is defendant.

4. ————: **JURISDICTION: SERVICE OF PROCESS BEYOND JURISDICTION CURED BY APPEARANCE OF PARTY IN TAKING AN APPEAL.** The bringing of an action before a justice of the peace in the wrong locality, or service of process beyond his territorial jurisdiction is a mere defect in acquiring jurisdiction over the person, and is waived by the party taking an appeal from the justice's judgment thereon.

5. ————: **FILING OF AFFIDAVIT AND BOND FOR APPEAL AMOUNTS TO A GENERAL APPEARANCE, BEFORE JUSTICE OF THE PEACE.** The filing of affidavit and bond for appeal by a defendant from a justice of the peace amounts to a general appearance in the circuit court, and cures any prior defects in obtaining jurisdiction over the person of the defendant.

6. ————: **DAMAGES FOR CONVERSION IS TRANSITORY ACTION.** An action for damages for conversion of a domestic animal is a transitory action. It may be brought anywhere if defendant appears and submits to the jurisdiction.

Appeal from Montgomery Circuit Court.—*Hon. Elliott M. Hughes*, Judge.

AFFIRMED AND TRANSFERRED TO THE SUPREME COURT.

*Peers, Femmer & Peers* for appellant.

(1) The only question in the case, is: Does a justice of the peace, living in a county where neither the plaintiff nor defendant resides, and where the defendant can not be found, have jurisdiction to render a judgment binding on anybody? Plaintiff relies for the authority on section 3838, General Statutes 1899, which reads as follows: "Every justice of the peace shall have jurisdiction co-extensive with the county for which he shall be elected or appointed, and in all cases where the defendant . . . is an insurance com-

pany not incorporated by or organized under the laws of this State, every justice of the peace shall have jurisdiction and authority to issue process therein, and direct the same, for service to any constable or sheriff of the city or county wherein the superintendent of insurance resides or has his office." This statute was enacted for the purpose of avoiding the opinion in Mutual Accident Ins. Co. v. Reisinger, 43 Mo. App. 571, and certainly, as far as it goes, has the effect of curing the point raised and passed on in the opinion. (2) It can not be said that the defendant was a non-resident of the State, for the company was present in this State in the person of the superintendent of insurance (43 Mo. App. 575), hence, the fourth subdivision of section 3839 has no application. Neither can it be urged that the defendant was a non-resident of the county where the plaintiff resides, for its presence in this State through the superintendent of insurance, makes it a resident of every county in this State, hence, the third subdivision of section 3839 can not apply.

*E. Rosenberger & Son* for respondent.

(1) Admitting, for argument's sake, that there was a defect in obtaining jurisdiction over the person of the defendant, was it not cured when the defendant appeared before the justice and filed its motion to dismiss, without any qualification? While we admit that the justice had no jurisdiction to set the judgment by default aside, yet the defendant entered its appearance by filing the said motion, and after that it was in court for all purposes. Fitterling v. Railroad, 79 Mo. 504. (2) By taking the appeal, all defects in obtaining jurisdiction over the person of the defendant are waived and the defendant is in court for all purposes. Witting v. Railroad, 101 Mo. 631; Fitzpatrick v. Railroad, 34 Mo. App. 280; Rice v. Railroad, 30 Mo. 110; Eubank v. Pope, 27 Mo. App. 463. (3) When the defendant filed his motion re-

quiring the appellee to give security for costs, he subjected himself to the jurisdiction of the court for all purposes. Who ever heard of an appellee being required to give security for costs?

BARCLAY, J.—This action was begun in August, 1900, before George W. Palmer, a justice of the peace in Montgomery county, to recover $50 damages on an account charging defendant with the conversion of a heifer, the property of plaintiff. A summons was issued to the constable of Jefferson township, Cole county, Missouri, August 30, 1900, according to the constable's return, which followed the requirements in that particular of section 7991, Revised Statutes 1899.

A judgment by default was entered before the justice, September 17, 1900. Upon a hearing it was made final for the amount of plaintiff's demand. Two days afterwards, defendant by its attorney filed a motion to set aside the default because the court had "no jurisdiction to hear, try and determine said cause," and because the judgment was "void for want of jurisdiction." The justice overruled said motion.

Defendant in due season filed an affidavit and bond for an appeal to the circuit court. The appeal as prayed was allowed by the justice. In the circuit court, defendant by its counsel appeared specially to file a motion to dismiss for substantially the same reasons assigned in the motion to set aside the default before justice Palmer. The circuit court overruled the motion, defendant duly saving an exception. That ruling was made, November 20, 1900. On the next day defendant filed a motion for security for costs, which the court overruled on the day following, November 22, 1900. The cause came on for hearing, November 23, 1900, and defendant declined to further plead. The judgment of the justice was affirmed. After an unsuccessful motion for new trial,

defendant took its appeal to this court, having duly preserved exceptions by a bill in the usual form.

It appears by a stipulation of the parties in the cause (filed on the day when the motion for new trial was over-ruled) that plaintiff was a resident of Warren county during the pendency of the suit, from its beginning before the justice until said stipulation was filed in the circuit court, and that the defendant is a foreign corporation.

The interesting discussion by learned counsel touching the sufficiency of the service of the original process in this action becomes immaterial to the result when we observe that the defendant took and perfected an appeal, in proper form, from the judgment of the justice.

An action for $50 damages for converting a heifer is a transitory action. Plaintiff might have brought it anywhere, if defendant appeared and submitted to the jurisdiction of the court. Justice Palmer in Montgomery county had juris-diction of the subject-matter of the cause, that is to say, he had lawful power to hear and determine actions of the general class to which the one at bar belonged at the time when it was begun (R. S. 1899, sec. 3835). This is the definition of that sort of jurisdiction fully recognized now in Missouri. Griffin v. Van Meter, 53 Mo. 430; Hagerman v. Sutton, 91 Mo. 531; Hope v. Blair, 105 Mo. 85; Railway v. Lowder, 138 Mo. 533; Winningham v. Trueblood, 149 Mo. 580.

It is not disputed that the circuit court had jurisdiction of the appeal by defendant from the justice to that court. But it is claimed on defendant's behalf that, notwithstanding said appeal duly taken by defendant, the circuit court had no jurisdiction to enter the judgment it pronounced. The exist-ing statute law, intending, no doubt, to alter the rule declared in U. S. Mut. Acc. Ins. Co. v. Reisinger (1891), 43 Mo. App. 571, under the former law, authorizes a justice to issue process of summons and direct the same for service to any constable or sheriff of the city or county where the state

superintendent of insurance resides or has an office, in cases where, as here, an insurance company not incorporated in Missouri is defendant (R. S. 1899, secs. 3838, 7991). Whether the terms of the present law on that point are broad enough to support the proceedings now under review had defendant taken no appeal to the circuit court, we need not attempt to determine, inasmuch as we are of opinion that said appeal by defendant amounted to a general appearance and must be held to constitute a waiver of any defects in acquiring jurisdiction over the parties in the proceedings before the justice.    The statute governing this subject expressly declares that "the affidavit and bond for appeal filed shall be taken and considered by the appellate court as an entrance of appearance" (R. S. 1899, sec. 4060).    This provision was intended to remove any doubts that might linger in any quarter touching the meaning and scope of section 4071 (R. S. 1899), which had been in force for many years prior to the enactment of the language last above quoted. The history of that enactment casts light on the point of our present inquiry.    It is proper to consider that history in construing or interpreting any existing law.

It had been positively held, in several instances, that an appeal by defendant had the effect to cure defects in the process or service to acquire jurisdiction over the person of defendant before the justice.    Ser v. Bobst, 8 Mo. 506; Boulware v. Railroad, 79 Mo. 494; Gant v. Railroad, 79 Mo. 502; Fitterling v. Railway 79 Mo. 504.    At a later day other decisions were given which seemed to discard that doctrine. Smith v. Simpson, 80 Mo. 634; Fare v. Gunter, 82 Mo. 522.

We do not undertake to cite all the cases along the disputed ground, as we regard the old issue as closed by the proviso of the statute we have quoted (R. S. 1899, sec. 4060).

The decision last above cited was rendered at the October term, 1884, of the Supreme Court.    At the next ensuing session of the General Assembly the proviso now appearing

in the last lines of section 4060 (R. S. 1899) was enacted (Laws 1885, p. 186). Since then the Supreme Court has followed the Fitterling decision (79 Mo. 504) as settled law. Whitting v. Railway, 101 Mo. 631. And so have both Courts of Appeals. Craig v. Mason, 64 Mo. App. (K. C.) 342; Rice v. Railway, 30 Mo. App. (St. L.) 110.

Several decisions touching the subject of our present inquiry clearly indicate that the bringing of an action in the wrong locality, or service of process in the State but beyond the territorial jurisdiction of the justice, in a case whereof jurisdiction of the subject-matter exists, is a mere defect in acquiring jurisdiction over the person of defendant, and therefore is waived by an appeal from the judgment of the justice. Hembree v. Campbell, 8 Mo. 572; Gant v. Railway, 79 Mo. 502; Kelly v. Railway, 86 Mo. 681; Eubank v. Pope, 27 Mo. App. 463; Witting v. Railway, 28 Mo. App. 103 (affirmed, 101 Mo. 631); Montgomery v. Ins. Co., 80 Mo. App. 500; Johnson v. Detrick, 152 Mo. 243.

In view of these precedents we are of opinion that the appeal to the circuit court should be taken as a general appearance of defendant in the cause, and that the judgment of the circuit court should be affirmed. But we regret to add that we consider that conclusion contrary to a previous recent decision of the Kansas City Court of Appeals involving the main principle we have discussed. Trimble v. Elkin, 88 Mo. App. 229.

We therefore certify this cause to the Supreme Court in obedience to the requirements of the Constitution (Amdt., 1884, sec. 6). *Bland, P. J.,* and *Goode, J.,* concur.