C. W. BENTE, Plaintiff in Error, v. THE REMING-
TON TYPEWRITER COMPANY, a Corporation,
Defendant in error.

**Kansas City Court of Appeals, February 5, 1906.**

1. **CORPORATIONS:** Process: Service of: Jurisdiction. A
suit against a corporation may be brought in the county where
the cause of action accrued or in any county where the corpor-
ation has an office; but service upon an agent of the corpora-
tion in the county where the action accrued and where the
corporation has no office is not sufficient to confer jurisdiction
of the person and the process should be sent to the county
where the office is maintained that service may be had on the
agent in charge of the office, if the president is absent.

2. **JURISDICTION:** Effect of Appeal: Pleading. The fact that
a defendant where there is a failure to get jurisdiction of the
person by reason of the defective service, appeals, does not
waive the jurisdiction; and he may in his answer unite a plea
to the jurisdiction with one to the merits.

Error to Pettis Circuit Court.—*Hon. George F. Longan,*
Judge.

AFFIRMED.

*Bente & Wilson* and *C. W. Bente* for plaintiff in
error.

(1) The court erred in sustaining the motion of
defendant in error to dismiss, the court had jurisdiction
over the defendant. R. S. 1899, secs. 3839, 3862.
(2) Plaintiff in error had a right to bring his suit
against the defendant in error in Pettis county as the
contract for services was made in said county. R. S.
1899, sec. 997; Mikel v. Ry. 54 Mo. 145; Rippstein
et al v. Ins. Co., 57 Mo. 86; Davis v. Jacksonville South-
eastern Line, 126 Mo. 76. (3) The doctrine that jur-

isdiction over persons may be conferred by consent, or waiver is applicable to justice 'courts. Grimm v. Inv. Co., 55 Mo. App. 457. (4) By appearing generally before a justice of the peace and moving to set aside a judgment by default the defendant waives any defect in the service of summons. Livingston v. Allen, 80 Mo. App. 525; Carter v. Wamack & Staggs, 64 Mo. App. 338; Baisley v. Baisley, 113 Mo. 544. (5) The plaintiff in error obtained judgment in the justice court. The defendant in error appealed to the circuit court of Pettis county, it thereby waived all errors and imperfections in the summons and service thereof and voluntarily entered its appearance to the merits of said cause in the circuit court, and submitted to the jurisdiction of the circuit court. R. S. 1899, sec. 4060; Winner v. Maness, 94 Mo. App. 162; Meyer v. Ins. Co., 92 Mo. App. 392; Meyer v. Ins. Co., 69 S. W. 639; Damhorst v. Ry.,32 Mo. App. 350. (6) The defendant in error took a change of venue from the justice court of N. H. Rogers. It also filed a motion to compel plaintiff to give security for costs. It appeared to the merits of said cause in the justice court of Harrison Ewers, announced ready for trial and demanded a jury. It thereby waived all defects as to jurisdiction and voluntarily entered its appearance and submitted itself to the jurisdiction of the justice court, since the appellant was a resident of the county in which said suit was brought. Fedler v. Schroeder, 59 Mo. 364; Meyer v. Phenix Ins. Co., 92 Mo. App. 392; Baisley v. Baisley, 113 Mo. 554; Carter v. Wamack Staggs, 64 Mo. App. 338; Bohn v. Devlin, 28 Mo. 319. Witting v. Ry. 101 Mo. 631; Blackman v. Cowan 11 Mo. App. 589; Fitzpatrick v. Ry., 34 Mo. App. 280; Meyer v. Ins. Co., 69 S. W. Rep. 639 (overruling 88 Mo. App. 229) ; R. S. 1899, sec. 4060; Winner v. Maness, 94 Mo. App. 162; State v. Brown, 66 Mo. App. 280; Meyer v. Ins. Co., 92 Mo. App. 392; Jackson v. Fulton, 87 Mo. App. 228.

*Barnett & Barnett* for defendant in error.

(1) The court did not err in dismissing this case. The original statement was against the Remington Typewriter Co. and the summons was against the said corporation. (2) The court was right in dismissing this case for the further reason that the justice of the peace never acquired any jurisdiction of the defendant. R. S. 1899, sec. 997; Meyer v. Ins. Co., 184 Mo. 487; Trimble & Fyfer v. Elkin, 88 Mo. App. 229. (3) Defendant by appearing does not waive the jurisdiction of the court in this case, provided the defendant takes advantage of this defect when he appears. Meyer v. Ins. Co., 184 Mo. 481. (4) The jurisdiction of the justice must appear upon the face of the record itself. State v. Tetgzer, 26 Mo. 65; Hansberger v. Ry., 43 Mo. 196; Edmonston v. Kite, 44 Mo. 176; Schell v. Leland, 45 Mo. 289; Iva. v. Ry., 45 Mo. 469; Fisher v. Davis, 27 Mo. App. 321; Haggard v. Railroad, 63 Mo. 302.

BROADDUS, P. J.—This suit originated in a justice's court, where defendant moved to dismiss the same because the court had no jurisdiction. The motion was overruled, judgment rendered in favor of the plaintiff, from which defendant appealed. In the circuit court, defendant again moved to dismiss because the court had no jurisdiction, which was sustained, and plaintiff appealed, which appeal he subsequently dismissed and sued out this writ of error. The suit was brought in a justice's court in Sedalia township, Pettis county. The constable's return on the writ of summons is as follows: "I hereby certify that I have executed the within writ by leaving a true copy of this writ with M. K. Deale, manager of the Remington Typewriter Co., and in charge of its office and place of business in St. Louis, Mo., as agent and manager of said company, the 3rd of April, A. D. 1903, in Sedalia township, Pettis county, Missouri."

Section 997, Revised Statutes 1899, provides that suits against corporations "shall be commenced either in the county where the cause of action accrued or in any county where such corporations shall have or usually keep an office or agent for the transaction of their usual and customary business." It does not appear from the return of the constable that the defendant had any such place of business in Pettis county, but that on the contrary, its place of business was in St. Louis, Missouri. He served the agent, who had charge of its place of business, not at its place of business, but in Pettis county, away from such place of business and in another county. Section 995, *idem,* provides that service, in the absence of the president or other chief officer of a corporation, shall be by leaving a copy of the summons at any business office of the company with the person having charge thereof, or when the corporation has no business office in the county where suit is brought, or if no person shall be found in charge thereof, and the president or chief officer cannot be found in such county, a summons shall be directed to any county in the state where the president or chief officer of such company may reside or be found, or where any office or place of business may be kept of such company, and the service thereof shall be the same as above. Under the section last mentioned, the service should have been on the agent at defendant's place of business in St. Louis, the president or other chief officer of the company not being found in the county, and the company having no other business office. It follows, therefore, that the service on defendant's said agent did not give the justice jurisdiction on the defendant company, regardless of the fact whether or not suit was instituted in the proper jurisdiction.

But it is insisted that if defendant had appealed from the judgment of the justice, it would have waived jurisdiction. It was so declared in Meyer v. Ins. Co., 92 Mo. App. 392. But in Trimble v. Elkin, 88 Mo. App.

229, the holding was otherwise. The former was certified to the Supreme Court because it was in conflict with the latter. The Supreme Court held that the law had been properly declared in the latter. And that the filing of a motion to secure costs and taking an appeal from the justice did not waive jurisdiction: [Meyer v. Ins. Co., 184 Mo. 481.] And the court further held that, under "the present practice in this state, a defendant can unite in the same pleading a plea to the jurisdiction, as to the person as well as to the subject-matter, with a plea to the merits, and that he does not thereby waive the question of jurisdiction."

Other questions are raised by the parties, but as the court properly dismissed the case for want of jurisdistion, there is no reason for their consideration. Affirmed. All concur.