HANDLAN-BUCK MANUFACTURING COMPANY, Appellant, v. CHESTER, PERRYVILLE and STE. GENEVIEVE RAILROAD COMPANY, Respondent.

**St. Louis Court of Appeals, November 12, 1912.**

1. **CORPORATIONS: Process: Service: Sufficiency of Return: Justices' Courts.** In an action instituted against a railroad corporation before a justice of the peace, a return reciting service of summons by delivering a copy to a person named, agent and auditor of the corporation, in charge of the office and place of business of the corporation, is insufficient, under Secs. 1766, 1767, R. S. 1909, for failing to recite that the president or other chief officer was absent when the service was made on the agent and auditor.

2. **JUSTICES' COURTS: Defective Service: Waiver by Appeal: Jurisdiction.** A defendant does not, by appealing from a judgment rendered by a justice of the peace and by appearing on appeal solely for the purpose of moving to quash the return of service of the summons and dismiss the case on the ground the court had obtained no jurisdiction, waive the defective service or confer jurisdiction over his person.

Appeal from Cape Girardeau Court of Common Pleas. —*Hon. R. G. Ranney,* Judge.

AFFIRMED.

*J. H. Doris* for appellant.

*Davis & Hardesty* for respondent.

(1)   The return shows on its face that the service is void, because had on an agent of defendant corporation, without the absence of the president or other chief officer from the county. Secs. 1766 and 1767, R. S. 1909; Rixke v. Telegraph Co., 96 Mo. App. 406; Land & Mining Co. v. Current River, etc., Co., 187 Mo. 432; Stanley v. Transit Co., 136 Mo. App. 388; Bente v. Typewriter Co., 116 Mo. App. 77.   (2)   The defend-

ant, having made timely objection to the jurisdiction, both in the justice court and in the common pleas court, the question of jurisdiction was preserved for determination, and was not waived by appealing to the common pleas court. Meyer v. Insurance Co., 184 Mo. 481; Bente v. Typewriter Co., 116 Mo. App. 177; State ex rel. v. Ayers, 116 Mo. App. 90; Barnett v. Hotel Bldg. Co., 137 Mo. App. 649.

NORTONI, J.—This is a suit on an account, which originated before a justice of the peace. Defendant is a railroad company incorporated under the Missouri statutes. Plaintiff insituted the present suit on an account for indebtedness against defendant before a justice of the peace, and the constable served the summons upon Ralph Schultz, defendant's auditor. The return on the summons is as follows:

"I hereby certify that I served the within writ by delivering a copy to Ralph Schultz, agent and auditor of the within named corporation, in charge of an office and place of business of said corporation in Cape Girardeau county Mo., the 7th day of October, 1909, in Cape Girardeau township, Cape Girardeau county, Mo.,

Mileage .............................. Miles.
Fees, $0.60.
                (Signed)   Geo. Rodenmayer, Constable."

The statute requires service of the summons in such cases to be made upon the president or other chief officer of the company or, in his absence, by leaving a copy thereof at any business office of the company with the person having charge thereof. [See sec. 1766, R. S. 1909.] And section 1767, Revised Statutes 1909 requires the officer serving the process to express in his return upon whom, how and when the same has been executed. The return above set forth is insufficient under the statute, for it does not recite affirmatively on its face that the president or other chief

officer of the company was absent when the service
was made upon the agent or auditor. Such is the es-
tablished rule of decision in this State. [See Rixke
v. Western Union Tel. Co., 96 Mo. App. 406, 70 S. W.
265; Land & Mining Co. v. Land & Cattle Co., 187 Mo.
420, 86 S. W. 145.]

The defendant did not appear to the action be-
fore the justice of. the peace, and the justice entered
a judgment by default against it as though a valid serv-
ice of summons was had. Afterwards, within due
time, defendant perfected an appeal from the judg-
ment of the justice to the court of common pleas of
Cape Girardeau county, and appeared in that court
for the purpose only of quashing the return on the
summons and dismissing the cause for the reason that
the court had obtained no jurisdiction over the per-
son of defendant, as appeared from the return. The
court sustained defendant's motion to this effect,
quashed the return, dismissed plaintiff's cause and
vacated the alleged judgment of the justice. From
this ruling, plaintiff prosecutes an appeal to this
court.

It seems to be conceded here on the part of plain-
tiff that the service was defectively made on defend-
ant and that it at no time ever entered its appearance
in the cause, unless it did so by perfecting an appeal
to the court of common pleas. The only argument ad-
vanced in this court on the part of appellant is that,
through perfecting an appeal from the judgment of
the justice to the court of common pleas, the defend-
ant thereby waived the defective service and volun-
tarily entered its appearance in the cause. There can
be no doubt that such was the prior course of deci-
sion in this State. It was held in Rice v. Railroad, 30
Mo. App. 110, "that the taking of an appeal by a de-
fendant from the judgment of a justice of the peace
waives all errors or imperfections in the service of
process and is equivalent to a general appearance to

the merits in the circuit court." To the same effect is Fitzpatrick v. Ry., 34 Mo. App. 280; Witting v. R. R. Co., 28 Mo. App. 103. But the Kansas City Court of Appeals held in Trimble v. Elkin, 88 Mo. App. 229, that an appeal from the judgment of the justice did not waive the matter of defective service and confer jurisdiction over the person of the defendant. This court took the opposite view and expounded it in Meyer v. Ins. Co., 92 Mo. App. 392, and certified that case to the Supreme Court for final determination on the ground that it was in conflict with Trimble v. Elkin, supra. The Supreme Court overruled the line of decisions above referred to, accepted the view of the Kansas City Court of Appeals and declared that the mere act of perfecting an appeal from a judgment of the justice did not operate to waive the matter of defective service and confer jurisdiction over the person. [See Meyer v. Phoenix Ins. Co., 184 Mo. 481, 83 S. W. 479.] Since that decision, the identical proposition has been determined in other cases, as will appear by reference to Bente v. Remington Typewritter Co., 116 Mo. App. 77, 91 S. W. 397; State ex rel. v. Ayers, 116 Mo. App. 90, 91 S. W. 398.

From what has been said, it appears that the justice acquired no jurisdiction over the person of defendant and that under the more recent rule of decision the matter of defective service was not waived and jurisdiction conferred by perfecting an appeal from the justice court. This being true, the court of common pleas very properly quashed the service and dismissed the cause. The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.