CLEVELAND, CINCINNATI, CHICAGO and ST. LOUIS RY. CO., Respondent, v. C. A. BROUS, Appellant.

Kansas City Court of Appeals, December 13, 1920.

1. **JUSTICES OF THE PEACE: Jurisdiction Statutory: Limited to County in Which Elected.** Under section 7398, Revised Statutes 1909, justices of the peace have only such jurisdiction as is conferred by statute. and that jurisdiction is only within the limits or the county in which such justice is elected, except in actions against foreign insurance companies.

2. ———: ———: Action Must be Brought Where Plaintiff Resides or Defendant Found, or if Defendant is a Non-resident of County Action May be Brought if Defendant Found There, or if Non-resident of State in Any County in Which Defendant can be Found. Under section 7399, Revised Statutes 1909, actions cognizable before justices of peace shall be brought where defendant resides, or where plaintiff resides and the defendant found, or if the defendant is a non-resident of the county in which plaintiff resides the action may be brought in that county if defendant be found there; or if defendant non-resident of State action may be brought in any county in which defendant may be found.

3. ———: Conduct of Trial in Justice Courts Shall be in Accordance with Laws Applicable to Circuit Court. Sections 1754, 1760, and

(547)

1766, Revised Statutes 1909, of the "General Code," relating to jurisdiction and procedure in circuit courts, has no application to the jurisdiction and procedure in justices of the peace courts, although under section 7513, Revised Statutes 1909, proceedings before the justice upon the trial is governed thereby and shall be in accordance therewith.

4. ————: Jurisdiction: No Jurisdiction to Issue Summons to be Served Beyond County: Judgment Rendered Thereon Will be Set Aside. Justice had no jurisdiction to issue summons to be served in territory beyond his jurisdiction and judgment rendered by justice upon such service will be set aside.

Appeal from the Circuit Court of Cass County. —*Hon. Ewing Cockrell*, Judge.

AFFIRMED.

*W. D.* and *Roscoe C. Summers* for appellant.

*Marley, Reed & Marley* for respondent.

ELLISON, P. J.—Plaintiff is a foreign railroad corporation with terminal opposite the city of St. Louis, in which city it has an office and place of business. Defendant obtained judgment against it by default before a justice of the peace of Cass county for damages for failure to deliver a shipment of goods. Afterwards plaintiff instituted proceedings in the circuit court of that county by *certiorari* to set aside the judgment for lack of jurisdiction in the justice over the body of the plaintiff as defendant in the original case. The trial court quashed the original judgment.

The justice issued a summons in the original case to the sheriff of St. Louis county commanding him to summon the railroad company to appear and answer the complaint filed before him in Cass county.

Justices of the Peace have only such jurisdiction as is conferred by statute and that jurisdiction is only within the limits of the county in which such justice is elected (Sec. 7398, R. S. 1909) that is, they have no "jurisdic-

tion outside of their respective counties'' (Sec. 7402, R. S. 1909) save only in exceptions which may be specially provided. Such exception may be found in the statute relating to jurisdiction of justices of the peace, as in the first of the sections just cited, where it is provided that in actions against foreign insurance companies, the justice may direct the summons for service to the sheriff or constable of any county where the State Superintendent lives or has an office; or it may be found in a statute relating to a general subject legislated upon. Thus, the exception just noted again appears in section 7042. Revised Statutes 1909, of the general insurance law. But whenever and wherever it is intended to enlarge the jurisdiction of a justice beyond his county, it is so expressly provided. In other words, the jurisdiction of a justice of the peace is found exclusively in the statute in relation to such justices, except where it is expressly conferred in other statutes.

This is further shown by section 7399 where in treating of the jurisdiction and procedure of justice it is declared that "*Every* action cognizable before a justice of the peace *shall* be brought before some justice" where the defendant resides; or where the plaintiff resides and the defendant found; or, if the defendant is a non-resident of the county, in which the plaintiff resides, the action may be brought in that county if the defendant be found there; or if the defendant is a non-resident of the State the action may be brought in any county in which the defendant may be found. And in actions against a railroad company for injury to stock the action shall be brought in the county where the injury happened. It will be noticed in all this that the jurisdiction of the justice is confined to the county in which the action is brought.

It is apparent from the foregoing that the justice of the peace in Cass county had no jurisdiction of the railroad company under the statute relating to justices of

the peace when he rendered judgment against that company.

But it is claimed that sections 1754, 1760 and 1766 Revised Statutes 1909, found in the "General Code" relating to jurisdiction and procedure in circuit courts confer jurisdiction on justice courts to send process for service outside their county. That question was before this court in Mut. Accd. Ins. Co. v. Reisinger, 43 Mo. App. 571, and it was decided that those sections of the statute were without application to the jurisdiction and procedure in justices of the peace courts. It may be that here and there distinction has not been made between the statutes. But certainly it has been the practice and thought of the bar to turn to the general code for the law in relation to cases in the circuit court and to the statute as to "Justices Courts" for cases in those courts, and to use them separately and not one for the other, unless the statute expressly required it. Thus in the proceeding before a justice upon the trial, the conduct of the trial, the submission of evidence, etc., we turn to the code governing circuit courts, but we do so because we are expressly *required* to do it by section 7513, Revised Statutes 1909.

The face of the statute, under the general code, itself shows it was not intended for application to the jurisdiction of justices of the peace. Thus section 1757 provides that original writs shall be dated and made returnable "on the first day of the next term thereafter," and 1758 provides that the defendant summoned fifteen days before the return term must appear at the next term, referring of course to terms of courts of record; and section 1760, provides for service by delivering copy of summons and *petition,* the latter a paper not known to the justice.

It is true that section 1766, prescribes the mode of service generally on corporations. But the words "any such summons," used in connection with places of service mean the summons referred to in that article of the

general code. It should not be held to annul the statute specially restricting the jurisdiction and authority of a justice of the peace to his county. Besides by the terms of section 1756 it will be seen that the summons referred to in sections 1760 and 1766 mean a summons issued by a court of record. It reads that every suit in a *court of record* may be instituted by filing a, petition and suing out an original writ of summons. Then in section 1757 it directs when such summons is to be returnable, and then in section 1759 how it shall be directed, and then in section 1760 how it shall be served on foreign corporations.

By force of the statute section 1754, Revised Statutes 1909, if a domestic railroad company in this State is in but a single county, an action against it can only be brought where the cause of action accrued, or where it shall have or usually keep an office or agent for the transaction of its usual and customary business. [Bankers Life Assn. v. Shelton, 84 Mo. App. 634.] If it runs through two or more counties, it may be sued in either. By force of section 1773 of the same statute, all railroads terminating opposite to any point in this State and which have offices or places of business in this State, shall be sued in the same manner as domestic railroads.

So the face of the statute as to justices of the peace shows it is a separate scheme, complete within itself unless it appears that aid is to be had from some other statute. Thus when jurisdiction was intended to be exercised by the court outside the county in actions against an insurance company, it is so expressly stated in the justices statute, as in section 7398 where it is provided that in insurance cases the justice may send the writ to the sheriff of the county where the Superintendent resides or has an office. It provides (Secs. 2420-2423) for its own process which shall be a summons, that the demand shall be endorsed on the summons, the form and the mode of service thereof. The railroad company in this case is in the latter situation and the question pre-

sented is that though the plaintiff resides in the county where the suit was brought and though defendant be considered a domestic corporation under section 1773, has the justice jurisdiction to send process to another county in the State where the railroad company has an office. In other words may he issue summons to be served in a territory beyond his jurisdiction. We think he cannot [Bornshine v. Finck, 13 Mo. App. 130; Grayson v. Wed dle, 80 Mo. 39.]

As intimated above there are cases where the courts have cited statutes applicable, we think, only to courts of record found under the general code, in cases where they are not applicable. [Bente v. Typewriter Co., 116 Mo. App. 77; Mfg. Co. v. Railroad, 167 Mo. App. 683.] But we do not see where the point made in the present case has been decided. In Jordan v. Railroad, 61 Mo. 52, the action was brought and service had in the county where the cause of action accrued. The judgment is affirmed. *Trimble, J.,* concurs; *Bland, J.,* concurs in the result in a separate opinion.

BLAND, J. (Concurring)—I am unable to agree with what is said in the majority opinion in this case. It has always been my understanding that sections 1754, 1765 1766 and 1767, Revised Statutes 1909 are applicable to justice courts. It was so held recently by this court in the case of Burrell Collins Brokerage Co. v. N. Y. Central Ry. Co., 219 S. W. 105. The above named sections prior to the revision of 1909 appeared under the chapter dealing with private corporations and not in the one dealing with the Code of Civil Procedure. [See sections 994, 995, 996, 997, R. S. 1899.] In the revision of 1909 they were placed in the General Code of Procedure as a matter of convenience in arrangement and codification. [State ex rel. v. Gantt, 274 Mo. 490, 505.] These sections have always been regarded as applying to justice courts and are to be taken in conjunction with the provisions of articles 2 and 3, chapter 65, Revised Statutes 1909, re-

ferring to procedure in justice courts. [Slavens v. S. P. Rd. Co., 51 Mo. 308; State, to Use, v. Hannibal & St. J. R. Co., 51 Mo. 532; Jordan v. M. K. & T. Ry. Co., 61 Mo. 52; Bente v. Typewriter Co.. 116 Mo. App. 77; Manufacturing Co. v. Railroad, 167 Mo. App. 683; Powell v. St. Louis, I. M. & S. Ry. Co., 178 S. W. 212; Burrell Collins Brokerage Co. v. N. Y. Central Ry. Co., supra.]

Sections 1765, 1766 and 1767 relate to service on domestic or resident corporations (Story v. American Ins. Co., 61 Mo. App. 534; Burrell Collins Brokerage Co. v. N. Y. Central Ry. Co., (supra) but section 1754 is a venue statute and relates to both domestic and foreign corporations. [State ex rel. v. Gantt, supra.]

Section 1773 which provides that—

"All railroad corporations that own or operate roads terminating opposite to any point in this State, and which have offices or places of business in this State, shall be sued in the same manner as railroad corporations chartered by this State," has never appeared in the chapter dealing with private corporations but was section 578, Revised Statutes 1899, and was contained in the chapter dealing with the Code of Civil Prodecure in courts of record (Laws of 1877. p. 369) and therefore is not applicable to justice courts.

For these reasons I concur in the result only.